# THE

# New York Supplement.

# VOLUME VIII.

---

## MORSE *v.* GRIMKE.

*(City Court of New York, Special Term.* November 27, 1889.)

1. DEPOSITIONS—FOREIGN WITNESSES—LEAVE TO EXAMINE.
   Under Code Civil Proc. N. Y. §§ 888, 889, providing that an application for a commission to examine foreign witnesses "must" be granted, unless there is reason to believe that the application is not made in good faith, a commission will be granted, almost as a matter of course, where the moving affidavits comply with the requirements of the Code.

2. SAME—INJURY TO ADVERSE PARTY.
   As the controlling consideration is the materiality of the evidence of the witnesses, the fact that they are plaintiff's patrons, and that he fears the taking of their testimony may disrupt the business relations existing between them, is no answer to defendant's application.

3. SAME—MALA FIDES—EVIDENCE.
   Proof that the applicant could obtain the evidence that he seeks from resident witnesses may tend to show bad faith, but is not conclusive, as each party has the right to select such witnesses as will testify most favorably to him.

4. SAME—STAY OF PROCEEDINGS.
   Where a stay is applied for, a wider range of discretion is afforded to the court than where none is applied for; and, if the applicant has been guilty of laches, his application should be denied absolutely, or granted on conditions protecting the adverse party against loss; but, if the applicant moves promptly, the length of the stay will be proportioned to the distance, and difficulty of procuring the evidence.

Action by Frank E. Morse against William H. Grimke. Defendant moves for the examination of witnesses resident without the state.

*G. A. Seixas,* for plaintiff.  *Harriman & Fessenden,* for defendant.

McADAM, C. J.  Where the moving affidavits comply with the requirements of the Code, a commission to examine witnesses not within the state ought to be granted almost as of course.  Indeed, the Code provides that the application must be granted, unless there is reason to believe that the application is not made in good faith.  Code, §§ 888, 889.  If the answer sets forth a meritorious defense, and the evidence is material to its support, it would seem like abuse of power to refuse the application.  Every litigant is entitled to use every lawful means for securing the attendance of his, witnesses, or the depositions of those who cannot attend.  A subpœna *ad testificandum* is never denied to a suitor; and, in respect to foreign witnesses, a commission is the only form of subpœna capable of securing their testimony.

The fact that the witnesses are patrons of the plaintiff, and the latter fears that the taking of their testimony may disrupt the business relations existing

v.8N.Y.s.no.1—1

between them, is no answer to the application. If they were residents of the state, this circumstance would not excuse their personal attendance. The fear is conjectural, merely, and may, as it probably will, prove unfounded. The fact that their evidence is material to the issue is the consideration that must control the action of the court. Applications of this character are denied only where the object is doubtful or suspicious, as in *Vandervoort* v. *Insurance Co.*, 3 Johns. Cas. 137; but even in that case, as in *Rogers* v. *Rogers*, 7 Wend. 514, the defendant was allowed time to remove the doubts cast upon the good faith of the application.

It is said that the application rests in the discretion of the court; but this means a sound discretion, guided by law, and regulated by usage or practice, or, if the term is preferred, by fixed principles. It must be governed by rule, not by humor. It must not be arbitrary, vague, and fanciful, but equitable, just, legal, and regular, (*Rex* v. *Wilkes*, 4 Burrows, 2539,) and exercised according to circumstances, and as may appear essential to the discovery of truth. I have been unable to find a reported case in which an application for a commission has been unconditionally denied.

Proof that the applicant could obtain the evidence that he seeks from resident witnesses may tend to show bad faith, but is not conclusive, as each party has the right to select such witnesses as will testify most favorably for him. *Adams* v. *Corfield*, 28 L. J. Exch. 31. It is safer to grant applications for commissions in all cases than to attempt to discriminate between them. No harm can come from granting commissions. Much injury may be caused by refusing them. The presence of proof often leads to concessions rendering its use unnecessary. The absence of proof, on the other hand, forms often the main objection urged at the trial and on appeal. A conscientious lawyer should always have his proofs present at the trial. Courts should assist, never frustrate, the effort. Indeed, so careful is the law to secure a party in his right to evidence that it is a misdemeanor for a person to prevent or dissuade a witness from attending court. Pen. Code, § 111. Where a stay is applied for, delay is wanted, for the stay serves no other purpose, and a wider range of discretion is afforded to the court. If the party has been guilty of laches, his application should be denied absolutely, (*Starbuck* v. *Hall*, 1 How. Pr. 58,) or granted on conditions protecting the adverse party against loss, as in *La Farge* v. *Luce*, 2 Wend. 242. If the party moves promptly, the length of the stay would be proportioned to the distance and difficulty of procuring the evidence, but the trial should not be indefinitely postponed. The frequency of these applications, and the strenuous manner in which many of them have been opposed, have induced me to examine the authorities with care. As the result, the motion for a commission will be granted, without a stay, and the examination will be limited to the single question of knowledge of the custom asserted in the plaintiff's affidavit. This is the material feature of the evidence sought to be procured. No costs.