## Vetter's Estate.

R. W. Archbald, Jr., for petitioner.

Earl W. Thompson and John M. Abbott, contra.

GEST, J., Oct. 24, 1929.—The testator by his will devised a third part of his residuary estate to his executors in trust to pay the income to his daughter, Rose Van Dusen, for her life, with remainder to her children, and by codicil directed that in case of the death of Charles Van Dusen, the husband of Rose, or in case of her divorce from him, the principal of her trust estate should be paid to her absolutely, and the limitations over should become void. The executors filed their account, which is pending before an auditor, and Rose Van Dusen at the audit produced an exemplified copy of the record of the Second Judicial District Court of the State of Nevada, from which it appears that she brought an action of divorce therein on Oct. 1, 1928, alleging that for over three months past she had been an actual bona fide resident of Washoe County, Nevada, and that her husband had failed to support her for over one year. It further appeared that the summons was served on Charles Van Dusen on Oct. 2, 1928; and that defendant appeared, in writing, admitting service of the summons and consenting that his default might be entered in the premises. The case was tried on the same day before the court without a jury, and on the same day the court entered a decree of absolute divorce. Rose Van Dusen accordingly claimed before the auditor that she was entitled to the trust estate absolutely.

It is claimed by the guardian ad litem of Casper Van Dusen and Rose Anna Van Dusen, the minor children of Rose Van Dusen, remaindermen under the will, that the residence of Rose Van Dusen in Reno, Nevada, on the faith of which she obtained the divorce, was not bona fide; that her allegation of non-support was not true, and that, therefore, the decree was void; and, further, that the divorce was obtained by collusion between Rose and Charles Van Dusen and was, therefore, not such a divorce as was intended by the testator in his will.

This petition is presented by the guardian ad litem for a commission to take the testimony of certain persons resident in Los Angeles, California, where it is alleged Rose Van Dusen and Charles Van Dusen lived before the divorce and now reside, tending to show the facts above mentioned; and the answer sets up that, under the Constitution of the United States, article IV, section 1, the decree of the Nevada court must be given full faith and credit in Pennsylvania, and, unappealed from, cannot be attacked collaterally in the present proceeding.

666

The allowance of a commission rests in the sound discretion of the court. Where the application appears to be frivolous or made for the purpose of delay, it should be refused; but when such an objection does not appear, it is much safer to grant the application, as great injury might result from refusing it; and even if it should subsequently appear that the testimony disappoints the petitioner or is for legal reasons inadmissible, the delay caused is generally immaterial, as we think it would be in this case. The amount here involved is quite considerable, the questions raised are important, and the court in disposing of them should have all the facts of the case before it. See Morse *v.* Grimke, 8 N. Y. Supp. 1.

We are of opinion that it is better practice to allow the commission to issue, and, upon its return, the auditor will be able to rule upon the competency and relevancy of the testimony with greater precision and accuracy. His report, having been filed, may be the subject of exceptions, and we shall then be better able to dispose of the questions of law that may appear from the record.

The commission will accordingly issue as prayed for.

LAMORELLE, P. J., absent.