| 29 | 363 |
| 30 | 213 |
| 30 | 216 |

</div>

STATE EX REL. MENDENHALL, RELATOR, *v.* DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT ET AL., RESPONDENTS.

(No. 2,012.)

(Submitted January 11, 1904.   Decided January 18, 1904.)

*Discovery—Inspection of Books and Papers—Order—Affidavits—Sufficiency—Constitution.*

1.  The constitutional guaranty contained in Article III, Section 7, that the people shall be secure in their persons, papers, homes and effects from unreasonable searches and seizures, cannot be disregarded under Section 1810, Code of Civil Procedure, unless such necessity for inspection exists as is contemplated by said section.
2.  Under Code of Civil Procedure, Section 1810, the court, before making an order of inspection, must determine from the moving papers that an action is pending, and that the writings subject to be inspected contain competent evidence, material to the issues, or necessary to enable the moving

party to prepare for trial; and hence the moving papers must affirmatively show that such action is in fact pending.

3.   Under Code of Civil Procedure, Section 1810, the court must determine from the facts set forth in the moving papers whether any necessity exists for the order; and affidavits which do not set forth any facts, but merely affiant's conclusion that such inspection is necessary, are insufficient.

APPLICATION for a writ of review, to annul an order, by the state, on the relation of E. B. Mendenhall, against the district court of the Second judicial district; Hon. E. W. Harney, judge.   Order annulled.

Mr. James Donovan, and Mr. F. W. Mettler, for Relator.

Messrs. McBride & McBride, for Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On July 25, 1903, an action was commenced in the district court of Silver Bow county, Montana, by one E. B. Mendenhall, plaintiff, against T. M. Hodgens and T. Denoon, copartners doing business under the name of the Copper State Fruit Company.   To the original complaint filed, the defendant Hodgens interposed a demurrer, which was by the plaintiff confessed, and thereafter, on November 2, 1903, an amended complaint was filed.   The purpose of the action is to recover damages alleged to have been sustained by the plaintiff, Mendenhall, by reason of the alleged breach of a contract on the part of the defendants.   The complaint sets forth in detail the terms and conditions of the contract, and the particulars in which the plaintiff was damaged by the alleged breach.

On November 3, 1903, and without further appearing in the matter, the defendant Hodgens filed in the district court an application for an order requiring the plaintiff to permit the defendant Hodgens to examine and take copies of certain documents and writings designated in the application as documents and writings used in evidence upon the trial of the case of the state of Washington against E. B. Mendenhall, and designated therein as Defendant's Exhibits 3, 4 and 5, and Plaintiff's Ex-

hibits 1 and 2. In support of this motion, defendant Hodgens filed his own affidavit and the affidavit of Robert McBride, one of his attorneys. These affidavits set forth the efforts of the defendant Hodgens to secure from the attorneys of the plaintiff, in whose possession the writings are alleged to be, an inspection and copies of the same, and his failure in that behalf. The affidavit of the defendant Hodgens then continues: "That affiant understood from the said Donovan that said letters were letters affecting the merits of the claim which the said Donovan made on behalf of the said Mendenhall, and were letters upon which he relied to establish the validity of the said Mendenhall's claim, and that the said letters were letters used by the said Mendenhall in the trial of the case of the state of Washington against Mendenhall, mentioned in plaintiff's complaint on file herein; that prior to the commencement of this action the said Donovan wrote to affiant relative to the Mendenhall claim, and referred in said letter to an alleged contract which this affiant had with the said Mendenhall, a copy of which said letter is hereto annexed, marked 'Exhibit A,' and made a part of this affidavit; and affiant believes, and so alleges, that the letters which the said Donovan has in his possession are material in this action for the purpose of establishing the defense to the pretended and alleged claim made by said Mendenhall against affiant." The affidavit of McBride contains these averments: "And affiant believes, and so alleges, that the said letters are material in the action, and an inspection of the same is necessary to a proper defense of the said action, and that the said plaintiff will rely upon the said letters, if the above action shall ever be tried, as a basis of his claim against the said Hodgens; that the letters referred to as being in the possession of the said Donovan are letters which were used in the trial of the case of the state of Washington against E. B. Mendenhall, mentioned in plaintiff's complaint as being an action upon which the said Mendenhall relies for the purpose of establishing a claim for damages against the said Hodgens. * * * And affiant believes, and so alleges, that the said identical letters are now

in the possession of the said Donovan, and are material in the above-entitled action, as a part of the defense to the same."

The plaintiff filed written objections to the application for the order of inspection, for the following reasons:

"(1) Because the affidavits in support of said application are insufficient, in that they do not contain any statement that an action is pending in the court in favor of the plaintiff and against the defendant, and for the further reason that said affidavits do not apprise the court of the nature of the action and the relief sought, in order that it may determine whether the evidence sought to be obtained by the inspection could, in any view of the case, be material or relevant to the issues.

"(2) Because the affidavits in support of said application fail to state any facts or circumstances showing that the letters or documents sought to be inspected by the defendant concern the defense of the defendant, but, on the contrary, said affidavits affirmatively show that such letters or documents, if pertinent at all, have reference solely to the plaintiff's case.

"(3) Because it is not shown that said letters or documents, or any of them, sought to be inspected, are material to any issue which has been or may be raised by any pleading in any case, or that the same, or any of them, are necessary to enable the defendant to make a defense, or to aid him in framing his answer or other pleading.

"(4) Because no particular description of the letters or documents or their contents are set out in the application, or the affidavits in support thereof.

"(5) Because it is not shown in the said application what particular information or evidence defendant desires to obtain, nor is it shown that any of said letters or documents contain any such information, if produced.

"(6) Because it is not shown that the documents are or would be admissible in evidence on behalf of the defendant upon the trial of any issue in any cause, and it is not shown that the same would be admissible as evidence under any circumstances.

"(7) Because there are no facts or circumstances stated showing the necessity for the production of said documents at this time.

"(8) Because it is not shown that the defendant has made or intends to make any defense to said action, for the reason that it does not appear that any answer has ever been filed in the case, or ever will be filed by the defendant herein; and for the further reason that it does not appear that the defendant has a good and meritorious defense, or any defense, to said action."

Thereafter, on November 21, 1903, the application was heard by the court; and, in addition to the moving papers, the defendant Hodgens introduced in evidence the complaint and amended complaint in the action of *Mendenhall* v. *Hodgens,* and rested. The court thereupon made an order overruling the plaintiff's objections, sustaining the application of defendant Hodgens, and directing that plaintiff permit an examination and inspection of the writings, and the making of copies thereof, on or before November 28, 1903, at 12 o'clock m. Plaintiff thereupon made application to this court for a writ of review to annul such order of inspection.

The same question presented here came before this court in *State ex rel. Boston & Montana C. C. & S. M. Co.* v. *District Court,* 27 Mont. 441, 71 Pac. 602, 94 Am. St. Rep. 831; and it was there held that the moving papers in the application for the order—in this instance, the motion and affidavits—must show affirmatively that an action is then pending in the district court. It was also said: "We are further of the opinion that the application should, by express statement, or by apt reference to the pleadings on file, apprise the court of the nature of the action and the relief sought, in order that it may determine whether or not the evidence sought to be obtained by the inspection could, in any view of the case, be material or relevant to the issues. For its failure to show these facts, we consider the application insufficient to vest in the lower court authority to make any order of inspection." The reason for the rule there

announced is made even more apparent in this instance. The constitutional guaranty contained in Article III, Section 7, of the Constitution, that the people shall be secure in their persons, papers, homes and effects from unreasonable search and seizure, cannot be disregarded, to satisfy the idle curiosity of litigants.

Section 1810 of the Code of Civil Procedure, under which this application is made to the court below, provides: "Any court in which an action is pending, or a judge thereof, may, upon notice, order either party to give to the other, within a specified time, an inspection and copy, or permission to take a copy, of entries of accounts in any book, or of any document or paper in his possession or under his control, containing evidence relating to the merits of the action, or the defense therein." The provisions of this section are obviously intended to enable a party to an action *then pending* to obtain an inspection of writings in the possession or under the control of his adversary, provided the party applying for the inspection in good faith believes he has a meritorious cause of action or defense, and provided further that those writings contain evidence relating to the merits of the action, or to the defense therein; and the district court, before making an order of inspection, must determine from the showing made that an action is pending; that the writings sought to be inspected do in fact contain evidence competent to be introduced upon the trial, and material and relevant to the issues in controversy, or necessary to enable the moving party to frame his pleading or prepare his cause for trial. In this instance it was impossible for the lower court to have reached any conclusion with reference to these matters. There is no allegation that an action is pending, and, taking the view most favorable to defendant Hodgens, and in conformity with the contention of the respondent here—that the original and amended complaints were before the court as evidence of the pendency of an action—it must be apparent at a glance that such a showing is wholly insufficient. The mere fact that a complaint is on file in court is hardly sufficient proof

of the pendency of an action. The complaint might be on file, and the action have been dismissed, or a final judgment have been entered, and affirmed on appeal. However, we reassert the doctrine announced in *State ex rel. Boston & Montana C. C. & S. Mining Co.* v. *District Court, supra,* that it must appear affirmatively from the moving papers that such action is in fact pending. The defendant Hodgens had made no appearance in the case, except to file a demurrer, which had been confessed, and, in his application and affidavits in support thereof, he wholly fails to state that he intends to plead further, that he has any defense to the plaintiff's cause of action, or, if he has, the nature thereof, or that he will interpose it. The court could not be apprised of the issues which would be involved; neither could it determine whether, in fact, the inspection was necessary in order to enable defendant Hodgens to frame an answer, to prepare for trial, to make his defense, nor whether, in fact, the writings contain anything which, in any view of the case, could be relevant to, or material or competent in, the cause.

There is an entire absence from the application and affidavits of any allegations showing the necessity for the inspection. The portions of the affidavits quoted above contain the only allusions to the subject, and no facts whatever are there stated, but only the bald legal conclusions of the affiants that such inspection is necessary. This is wholly insufficient. It is a matter for the court to determine from the facts set forth whether such necessity exists as is contemplated by the statute, for it is only under such conditions that the right of privacy must give way to the dictates of public policy. The applications, including all the moving papers, must be sufficient to invoke or set in motion the jurisdiction of the court to which the application is made; otherwise the court is without power to make the order petitioned for. In this instance it is wholly insufficient in the particulars herein designated, and the order of inspection made on November 21, 1903, is annulled and set aside.

*Order annulled.*