Hon. JNO. H. BURFORD, Chief Justice.
Hon. JNO. L M'ATEE,
Hon. JOHN C. TARSNEY,
Hon. BAYARD T. HAINER, } Associate Justices.
Hon. BENJ. F. BURWELL,

CALVIN LAWSON v. THE TERRITORY OF OKLAHOMA.

(Filed Feb. 11, 1899.)

1. TRIAL—*Criminal Cause—Continuance—Error.* The defendant was indicted on September 20, 1897, for the crime of murder. A demurrer to the indictment was overruled on September 21, 1897, and on the same day he presented an application for continuance on account of the absence of material witnesses who were temporarily absent from the Territory, which was overruled, and the defendant put upon his trial. *Held,* that the refusal to grant such continuance was prejudical error, and that a period of only one day after the filing of the indictment was not a sufficient length of time in which to prepare for trial.

2. HOMICIDE—*Trial—Questions of Fact—Instructions.* All questions of fact, in a criminal prosecution, are to be determined by the jury, and the court cannot express an opinion as to the weight of evidence, except to direct a verdict of not guilty, and even then it must advise the jury that they may disregard such instruction

and return a verdict of guilty; and it is error for a trial court, in a prosecution for murder, when the homicide was committed while the parties were having a personal difficulty, and there was some evidence tending to show that the deceased was the aggressor, to instruct the jury that "in this case there is no evidence to support or justify a verdict of manslaughter in the first degree, manslaughter in the second degree, or justifiable homicide," and to further instruct them, as a matter of law, that their verdict should be guilty of murder, as charged in the indictment, or that such killing amounted in law to justifiable homicide, and that the defendant is not guilty. It is for the jury to say as to whether or not the defendant committed the homicide, and then it becomes their further duty to determine from the evidence, under the instructions of the court, of what particular crime, included in the indictment for murder, he is guilty.

3. VERDICT—*Presence of Accused—Record.* A verdict in a case of felony cannot be received in the absence of the defendant, but, once defendant's presence is shown at a session of court, it will be presumed that he continued to be present in court during the day, or until the first adjournment, unless the contrary is made to affirmatively appear. And where the record shows that the defendant was present when the court instructed the jury, when arguments were made by counsel, and when his case was submitted to the jury, and the jury thereafter, on the same day, returned their verdict, and the record fails to show any adjournment between the retiring of the jury and the returning of the verdict, such record affirmatively shows the presence of the defendant when the verdict was received.

(Syllabus by the Court.)

*Error from the District Court of D County; before John C. Tarsney, District Judge.*

*John I. Dille, C. O. Blake, E. E. Blake* and *W. A. Maurer,* for plaintiff in error.

*Harper S. Cunningham, Attorney General,* for defendant in error.

Calvin Lawson was convicted of murder, and brings error. Reversed.

Opinion of the Court by

BURWELL, J.: The defendant, Calvin Lawson, was indicted in the district court of D county on September 20,

1897, charged with having murdered one Robert De Ra-
con, on September 1 of the same year.    On September
21, his demurrer to the indictment and his application
for a continuance were overruled, and, over his objections,
he was immediately put upon his trial.   Defendant was
convicted and sentenced to life imprisonment, where-
upon he appealed to this court.

   The first error complained of is that the court erred in
overruling the application for a continuance.   The appli-
cation conformed to the standard fixed by our statutes
and the facts which it was claimed that the absent wit-
nesses would swear to were certainly  material.   The de-
fendant stated that one of the witnesses, if present, would
swear that the deceased tried to employ him to kill and
murder the defendant, and on divers other times threat-
ened defendant's life; that the other two witnesses would
swear that the deceased had on different occasions threat-
ened to kill defendant; that each of the witnesses named
was a resident of D county, but that they were each tem-
porarily absent therefrom; that he believes the testimony
of such witnesses, as set out in his application, to be true;
and that he could not prove those facts by any other
known witness.   It is not claimed that these threats were
ever communicated to the defendant prior to the homi-
cide.   Therefore they could not have influenced the action
of the defendant at the time of the killing. But they are
admissible for the purpose of showing which was the ag-
gressor.    (*Young v. Com.* [Ky.] 42 S. W. 1141; *State v.
Tartar*, [Or.] 37 Pac. 53; *Wiggins v. People*, 93 U. S. 467,
and cases therein cited.)

   The defendant testified that the deceased was coming
towards him with a corn knife in his hand. and was mak-

ing demonstrations with it, as though he was going to throw it at him; that deceased was about thirteen feet away, and the only obstruction between them was a wire fence, consisting of one wire, which a person could step over; that as deceased advanced, he used the language: "God damn you! I'll kill you;" that defendant said, "Don't come any further, or I'll have to kill you. For heaven's sake! don't come any further;" that deceased said, "No, you won't," and continued advancing, whereupon defendant shot just as deceased turned to step over the fence. The question as to which was the aggressor was squarely in issue, and any evidence which would legitimately tend to fasten the wrong upon the deceased was proper; and defendant should have been given a reasonable time to procure such evidence. It is true that these witnesses were out of the jurisdiction of the court; but the defendant swore that, if given until the next term of court, he believed he could secure the evidence. At any rate, we do not believe that the rule as to persons out of the jurisdiction of the court should apply when the witnesses live in the county and are only temporarily absent from the Territory. In such cases a defendant should be given a reasonable time to prepare for his defense and to secure his evidence; and, even if the evidence which the continuance was asked for were incompetent—which we cannot concede—the defendant should have been given more time in which to prepare for his defense. It is doubtless true that by delay defendants are ofttimes enabled to manufacture a defense, and thereby escape merited punishment, and it is the duty of the courts to try persons charged with crime as speedily as is consistent with justice to the defendant; but to indict a man for murder one day, and

force him to trial the next, in many cases would virtually deprive him of the right of defense.

In section 143, Clark, Cr. Proc., the following language will be found. "Nor does a 'speedy trial' mean a trial immediately upon the presentation of the indictment or the arrest upon it. It simply means that the trial shall take place as soon as possible after the indictment is found, without depriving the prosecution of a reasonable time for preparation. The law does not exact impossibilities, extraordinary efforts, diligence, or exertion, from the courts or the representatives of the state; not does it contemplate that the right to a speedy trial shall operate to deprive the state of a reasonable opportunity of fairly prosecuting criminals. Whenever, therefore, without fault on the part of the prosecution, delay is necessary in order that it may procure the attendance of material witnesses, or otherwise prepare properly for trial, or because the prosecuting officer is sick or unable to attend, a reasonable continuance should be granted."

The supreme court of Iowa said in the case of *City of Creston v. Nye*, 37 N. W. 777, that "the constitutional provision requiring a 'speedy' trial must be construed in a reasonable manner." Now, if the state cannot be compelled to immediately go to trial, can the defendant be expected, ordinarily to be ready for trial as soon as the indictment is returned? We think not. The defendant was charged with the gravest crime known to our law; and if no showing had been made by his, other than that he was not prepared to, and could not safely, go to trial, the court should have given him a reasonable time in which to prepare his defense. (*State v. Poole*, [La.] 23 South. 503.)

One accused of crime has the right to have the aid of counsel to defend him, and the constitutional guaranty that he shall have the right to the assistance of counsel means that he shall have the benefit of the best skill and thought that his conusel can give him; and an attorney cannot, under the most favorable circumstances, properly defend one charged with murder, without having a reasonable time to prepare his case for trial. We are of the opinion that the trial court, in compelling the defendant to go to trial the next day after the indictment was returned, and immediately upon the overruling of the demurrer, exceeded its discretionary power. The defendant should have been granted further time.

It is argued that the court erred in giving the following instruction to the jury: "You are instructed that in this case there is no evidence to support or justify a verdict of manslaughter in the first degree, manslaughter in the second degree, or excusable homicide; and, under the evidence in this case, I instruct you, as a matter of law, that your verdict must be that the defendant is guilty of the crime of murder, as charged in this indictment, or that the killing of the deceased by the defendant amounted in law to justifiable homicide, as in these instructions defined, and that the defendant is not guilty."

Section 5202 of the Statutes of Oklahoma provides that, "when it appears that a defendant has committed a public offense and there is reasonable ground of doubt in which of two or more degrees he is guilty, he can be convicted of the lowest of such degree only." Section 5199: "On the trial of an indictment, questions of law are to be decided by the court, and the questions of fact are to be decided by the jury, and although the jury have the right to find a general verdict, which includes questions of law

as well as of fact, they are bound, nevertheless, to receive the law which is laid down as such by the court." From section 5199, it will be seen that the jury are the sole judges as to questions of fact; and by section 5202 it is provided, in effect, that a jury can only find one guilty of that degree of crime of which they entertain no reasonable doubt. Manslaughter in the first and second degrees is included in an indictment for murder. If the jury should entertain any reasonable doubt as to whether the defendant was guilty of murder, but should have no reasonable doubt as to his being guilty of manslaughter in the first degree, they should return a verdict for the lower offense; and so on down to the lowest. The jury had no opportunity to do that in this case. The court told them that, if they had any reasonable doubt as to the defendant being guilty of murder, they should acquit him. This gave the jury one of two alternatives,—to find the defendant guilty of murder, or to acquit him. This we think the court could not rightfully do. Such an instruction was upon the weight of the evidence which is not permissible, under our practice in criminal cases. The jury should have been permitted to say of what crime, if any, the defendant was guilty.

Section 2078 of our statutes provides that "homicide is murder when perpetrated without authority of law, and with a premeditated design to effect death of the person killed, or of any other human being." Section 2086 provides that: "Homicide is manslaughter in the first degree in the following cases: First, when perpetrated without a design to effect death by a person while engaged in the commission of a misdemeanor. Second, when perpetrated without a design to effect death, and in a heat of passion, but in a cruel and unusual manner, or by means of a

dangerous weapon; unless it is committed under such circumstances as constitute excusable or justifiable homicide. Third. When perpetrated unnecessarily either while resisting an attempt by the person killed to commit a crime, or after such attempt shall have failed." There was a difficulty between defendant and deceased at the time of the homicide. The defendant testified that the deceased was the aggressor, and that he did not shoot until he thought he was in danger of being hurt by the deceased, who had a corn knife in his hand, and made demonstrations as though he was going to throw it at defendant. There was some evidence from which the jury might have said that the defendant was only guilty of one of the degrees of manslaughter. All of the facts were before the jury, and it was their province to say whether the homicide was premeditated with a design to effect the death of the deceased, or in the heat of passion, or by means of a dangerous weapon, or unnecessarily while resisting an attempt by the deceased to commit a crime.

The trial court seems to have proceeded upon the theory that, after the homicide was proved beyond a reasonable doubt to have been committed by defendant it was the duty of the defendant to introduce evidence to show that it was only manslaughter. This is true in this Territory, by virtue of our statutes. Section 5227: "Upon a trial for murder, the commission of the homicide by the defendant being proved, the burden of proving circumstances of mitigation, or that justify or excuse it, devolves upon him, unless the proof on the part of the prosecution tends to show that the crime committed only amounts to manslaughter, or that the defendant was justifiable or excusable."

But, notwithstanding this statutory provision, who is to determine when the defendant has proven sufficient circumstances of mitigation that will reduce the killing to manslaughter? If any evidence is introduced which tends to reduce the killing to manslaughter, it is a matter for the jury to determine whether it is murder or manslaughter, and not for the court. The views herein expressed are supported by numerous and very able authorities. In the case of *State v. Vinsant*, 49 Iowa, 241, the defendant was indicted for the crime of rape, and the court instructed the jury as follows: "If you find the defendant guilty, but there is a reasonable doubt as to the degree of his guilt, you will find him guilty of the crime in the indictment of which there is no reasonable doubt, or, in other words, if you find him guilty, but there is a reasonable doubt as to the crime of rape, your verdict should be for an assault with intent to commit rape; but if there is a reasonable doubt that the defendant is guilty of both crimes charged, you will find the defendant not guilty." To the same effect are the following cases: *State v. Walters*, 45 Iowa, 389; *Dolan v. State*, (Neb.) 62 N. W. 1090; *Carleton v. State*, (Neb.) 61 N. W. 699; *Hopt v. People of Utah*, 110 U. S. 574, 4 Sup. Ct. 202; *Stevenson v. U. S.*, 162 U. S. 313, 16 Sup. Ct. 839.

As to whether or not a court can, in a case where there is no evidence tending to reduce the killing below murder, instruct the jury that they should either find the defendant guilty, or acquit him, is not presented in this case, and we will not determine that question; but, inasmuch as there was some evidence tending to reduce the killing below murder, we think that the instruction given by the trial judge, directing the jury to find the defendant guilty of murder or acquit him, was incorrect and deprived the

jury of the privilege of determining from the evidence as to whether or not he was guilty of one of the degrees of manslaughter which is included in the indictment for murder.

The defendant next insists that he was not present when the verdict was received. A verdict in a felony case cannot be received in the absence of the defendant, not even with his consent; but we think that the record shows his presence at that time. The defendant, as shown by the record, was present when the court instructed the jury, and when the case was argued and submitted. The record shows that "afterwards, to wit, on the same day (referring to September 23d, the day on which the court instructed the jury, the arguments were made by counsel, and cause submitted,) the following proceedings were had in said case, to wit." and then the record recites the reception of the verdict. The question presented is, is it necessary for the record to show, in express language, when each order is entered that the defendant was present, or will it be presumed that he contiued to be present during the entire session  unless the contrary is affirmatively shown? If the former is the rule, then a clerk must show the defendant's presence not only when each order is made but when each step is taken in the trial, that is, when each witness is sworn or testifies, etc. We cannot give our assent to such a doctrine. Such a rule would  be strained and unwarranted. In construing laws, courts should use the same system of reasoning that they adopt in the common affairs of life. When this is done, the laws become plain, and are easily understood, and absolute justice is more nearly attained. One has to reflect but for a moment to understand that it is impossible for the clerk to write out in detail everything as it transpires

upon the trial, and certain presumptions must necessarily follow every record of a trial; nor is it necessary for the clerk at every point in the trial, to make a statement that the defendant is personally present. If the defendant's presence is once shown at a session of the court at which he is being tried, his presence will be presumed to continue until the first adjournment thereafter, unless the contrary is made to affirmatively appear. And, when his presence is shown at a session of court, the presumption is that everything done in his case that day occurred at that session; in other words, a court will be presumed to have held but one session during the day, unless the records of the court show the contrary. This rule, we think, is founded upon reason and justice. The record in this case, when measured by the rule just stated, shows affirmatively that the defendant was present when the verdict was received; but, for the other reasons heretofore given the judgment of the trial court is hereby reversed, and the case remanded for a new trial. And the warden of the territorial penitentiary at Lansing, Kans., on presentation of a certified copy of this opinion, by the sheriff of D county, Territory of Oklahoma, is hereby requested to deliver the body of the defendant, Calvin Lawson, to such sheriff, who shall confine the defendant in the common jail of D county, there to await another trial, or until discharged according to law.

Tarsney, J., having presided in the court below, not sitting; all the other Justices concurring.