STATE, RESPONDENT, *v.* HALL, APPELLANT.

(No. 4,061.)

(Submitted September 9, 1918. Decided September 23, 1918.)

[175 Pac. 267.]

*Criminal Law—Felony—Evidence—Trial—Opening Statement
—Jury—Presence of Defendant—Record—Appeal and Error
—County Attorney—Argument—Prejudice—Harmless Error
—Curing Error.*

Criminal Law—Felony—Evidence—Inspection of Papers—Statutes.
    1. The provision of section 7138, Revised Codes, that the court may order a litigant to permit his opponent to inspect entries of accounts, papers, *etc.*, in his possession or under his control relating to the merits of the action, refers only to such matters as might be introduced in evidence, and not to *ex parte* statements of a prosecuting witness touching the facts and circumstances surrounding the commission of a crime, reduced to writing by and in possession of the county attorney.

Same—Dismissal of Action—Trial—Incomplete Opening Statement.
    2. A civil action as well as a criminal prosecution may be dismissed upon the conclusion of the opening statement of counsel, if such statement discloses affirmatively that the plaintiff cannot prevail.

Same—Incomplete Opening Statement—Dismissal—Proper Refusal.
    3. Refusal to dismiss a criminal action for mere failure of the prosecuting attorney to make mention in his opening statement of the county in which the crime for which defendant was on trial had been committed was proper.

Same—Opening Statement—Statute—Directory Provision.
    3a. The provision of section 9271, Revised Codes, requiring the county attorney to make an opening statement in a prosecution for crime, held directory merely.

Same—Admonishing Jury—"Jury."
    4. Until the jury in a criminal cause is completed and sworn, it is not a "jury" within the meaning of section 9301, which requires the trial judge to admonish the jury at each adjournment not to form or express an opinion upon the case until final submission to them.

Same—Admonishing Jury—Record Imports Verity.
    5. The record on appeal in a criminal cause which disclosed that when an adjournment was taken, "the jury was admonished by the court and placed in charge of the sheriff," *etc.*, was sufficient to disclose compliance with section 9301, Revised Codes, imported verity and could not be impeached by affidavit.

Same—Admonishing Jury—Curing Error.
    6. Failure of the court to admonish the jury not to form or express any opinion about the merits of the case upon taking an adjournment after the jury had been sworn, was cured by proper admonitions at every subsequent adjournment.

Same—Settlement of Instructions—Not Part of Trial—Presence of Defendant.
    7. The settlement of the instructions being no part of the "trial" within the meaning of section 9233, Revised Codes, requiring the

presence of one charged with felony, throughout the trial, his absence during such settlement does not constitute reversible error.

Same—Presence of Defendant—Minutes of Court—Construction.
8.   Minutes of the court construed and *held* to show that defendant was continuously present in court from 3 P. M. of a certain day when the jury was instructed until 12:50 A. M. of the next day when the verdict was returned, contrary to the contention of the appellant that he was not present when the verdict was delivered.

Same—Appeal—Prejudice.
9.   Under section 9415, Revised Codes, prejudice to appellant in a criminal cause cannot be presumed, but must be made to appear, either affirmatively by the record, or by a denial or invasion of some substantial right from which the law imputes prejudice.

Same—Remarks of County Attorney—Prejudice not Shown.
10.   *Held*, under the above rule, that in the absence of the evidence from the record, objectionable remarks made by the county attorney in his closing argument excepted to as beyond the rules of legitimate advocacy were not sufficient to warrant a reversal of the judgment, since the evidence may have pointed so conclusively to defendant's guilt that no prejudice could have resulted from the statements.

[As to what is deemed to be invasion by the court of the province of the jury, see note in 14 Am. St. Rep. 36.]

*Appeal from District Court, Missoula County; Asa L. Duncan, Judge.*

FRANK C. HALL was accused of a felony, and from the judgment and an order denying him a new trial, he appeals. Affirmed.

. Cause submitted on briefs of Counsel.

. *Messrs. Mulroney & Mulroney,* for Appellant.

*Mr. S. C. Ford,* Attorney General, and *Mr. Frank Woody,* Assistant Attorney General, for the State.        .

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

1. Prior to filing the information in this case the county [1] attorney secured from the prosecuting witness a statement of the facts and circumstances surrounding the commission of the alleged offense, and this statement was reduced to writing. Upon application of the defendant the trial court

refused to compel the public prosecutor to furnish a copy of such statement or permit an inspection of it. The provisions of section 7138, Revised Codes, are invoked, and for present purposes we will assume that they are made applicable to criminal cases by section 9279.

Section 7138 provides that the court may, upon notice, order either litigant to permit the other to make an inspection and copy of entries of account, documents or papers in his possession or under his control *which contain evidence* relating to the merits of the action or defense. That these provisions refer exclusively to such entries, documents and papers as might be introduced in evidence is apparent from the next sentence in the section, which reads as follows: "If compliance with the order be refused, the court may exclude the entries of accounts of the book, or the document, or paper from being given in evidence, or if wanted as evidence by the party applying, may direct the jury to presume them to be as he alleges them to be." This is also the construction placed upon similar statutes in other jurisdictions. (*Lester* v. *People,* 150 Ill. 408, 41 Am. St. Rep. 375, 23 N. E. 387, 37 N. E. 1004; *Silvers* v. *Junction R. R. Co.,* 17 Ind. 142; *Oro W. L. & P. Co.* v. *Oroville* (C. C.), 162 Fed. 975.) The *ex parte* statement of the prosecuting witness could not have been introduced as substantive evidence, and, however helpful it might have been to defendant, he was not entitled to it. The statute does not require the state to lay bare its case in advance of the trial.

2. Upon the conclusion of the opening statement of the case, the defendant moved for a dismissal of the action for the failure of the county attorney to include in such statement a reference to the fact that the alleged crime was committed in Missoula county, and error is predicated upon the adverse ruling of the trial court.

It is the rule in civil cases that the court may dismiss an [2] action upon the conclusion of the opening statement, if such statement discloses affirmatively that the party making it cannot prevail. (*Redding* v. *Puget Sound Iron Works,* 36

Wash. 642, 79 Pac. 308.) The reason for the· rule is that it would be an idle· waste of time to hear evidence which could not possibly benefit the party offering it. A case illustrating the rule is *Oscanyan* v. *Arms Co.*, 103 U. S. 261, 26 L. Ed. 539, in which it appeared from the opening statement of counsel for plaintiff that the contract sued upon was void as against public policy. In the case just cited it is assumed that the rule is the same in criminal cases as in civil cases, and we have no doubt that the assumption is correct. If in this instance the opening [3] statement of the county attorney had disclosed affirmatively that the offense charged was committed outside of Missoula county, it would have been idle to proceed, for the court would have been without jurisdiction, but would have had express statutory authority for discharging the jury. (Rev. Codes, sec. 9292.)

If the contention of appellant should be upheld, it would follow that upon the trial of every criminal case the county attorney must, as the first step, make an opening statement complete in every detail, under penalty of dismissal for his fail[3a] ure in whole or in part. Section 9271 does not undertake to do more than prescribe an orderly procedure for the trial of criminal cases, and section 9272 in effect declares that the provisions of the preceding section are directory merely, and this is the view of other courts upon similar statutes. (*United States* v. *Sprague*, 8 Utah, 378, 31 Pac. 1049; *Holsey* v. *State*, 24 Tex. App. 35, 5 S. W. 523.)

3. The trial of this case commenced on March 6 and extended through the 12th. During the first day the regular panel was [4] exhausted, and a recess was taken to secure a special venire. The jury was completed on the afternoon of the 6th, and adjournment was then taken until the 7th. At noon on the 7th a recess was taken until 1:30 P. M. of that day. It is conceded that at each of these three adjournments the trial court instructed the jurors not to converse among themselves, or permit anyone else to converse with them, about the case; but appellant contends that the court omitted to admonish the

jurors not to form or express any opinion upon the case until it was finally submitted, as required by section 9301, Revised Codes, and that because of this omission a new trial should be granted.

The record discloses that when the first recess was taken the jury had not been completed. For this reason the statute has no application. The term "jury," used in section 9301, means a body of men returned from the citizens of a particular district before a court of competent jurisdiction *and sworn to try and determine* by verdict a question of fact. (Sec. 6333, Rev. Codes.)

The record further discloses that when the second adjourn-[5] ment was taken "the jury was admonished by the court and placed in charge of the sheriff," *etc.* This record is sufficient to disclose compliance with the statute. If it does not speak the truth, the remedy was by motion to have it corrected. As it stands, it imports verity, and cannot be impeached by affidavit. (*Montana Ore Pur. Co.* v. *Maher,* 32 Mont. 480, 81 Pac. 13; 17 Cyc. 571; 7 R. C. L. 1018; 10 R. C. L. 1028.)

It is further conceded by defendant that at each adjournment [6] taken after the noon recess on the 7th the jury was properly admonished as required by statute; and we have presented then the question: Shall a new trial be granted because of the failure of the court to admonish the jury fully when the noon recess was taken on the 7th? We do not mean to detract in the least from the importance of the statute in question. It was enacted to be observed. Its evident purpose is to secure a true verdict based solely upon all the evidence in the case, and to that end prevent the jury receiving evidence outside the record, prevent interested parties from influencing, or attempting to influence, the jury out of court, and prevent the jurors from forming conclusions from first impressions, or upon the evidence offered by one side only. The jury is made an important factor in our judicial system, upon the theory that the average jury will be constituted of men of average intelligence; and though the statutory admonition should be given at every

adjournment of court during a trial, it would reflect seriously upon the mental capacity and integrity of the jurors in this case to say that any impressions formed from the evidence received during the forenoon of the 7th could not be, and were not, completely removed by the repeated admonitions of the court, thereafter given, that they should not form or express any opinion as to the guilt or innocence of the accused until the cause was finally submitted. Whatever error was committed at the noon recess on the 7th was cured by the subsequent action of the court.

4. Appellant complains that he was not present when the [7] instructions were settled, and if the settlement of the instructions is a part of the trial proper, then error was committed, for the defendant charged with a felony must be present throughout the trial. (Sec. 9233, Rev. Codes.)

The statute determines inferentially that the settlement of the instructions is not a part of the trial, for section 9271 requires that the instructions shall be settled "without the presence of the jury," and the presence of the jury is indispensable to the trial of one accused of a felony. (Sec. 9232.) It follows that, if the instructions can be settled without the presence of the jury, they may likewise be settled without the presence of the defendant. Indeed, the settlement of the instructions is nothing more nor less than the determination of questions of law preliminary to the next step in the trial—the charge to the jury. Upon principle the case of *State* v. *Spotted Hawk*, 22 Mont. 33, 55 Pac. 1026, is authority here.

5. A defendant on trial, charged with the commission of a [8] felony, must be personally present in court when the verdict is returned (section 9320), and it is held quite generally that the fact of his presence must appear from the record (*State* v. *De Lea*, 36 Mont. 531, 93 Pac. 814). It is the contention of appellant that the record does not disclose that he was present when the verdict was received. The clerk's minutes recite that the taking of testimony was concluded on Saturday, March 10; that court then adjourned until March 12 at 9:30 A. M.; that on March 12 the instructions were settled, and about

3 P. M. of that day, "the defendant being present in court, * * * the trial of said cause was resumed. The jury was instructed by the court, and after argument by respective counsel the cause was submitted to the jury, who retired in charge of a sworn officer to deliberate upon a verdict. The jury subsequently returned into court at 12:50 A. M., March 13, 1917, and announced that they had agreed upon a verdict, and presented said verdict to the court, which is as follows, to-wit," *etc.* Construed fairly, this language must be held to mean that the defendant was present in court continuously from 3 P. M. until after the verdict was returned. It is equivalent to saying: "The defendant being present in court, each of the following proceedings was had: (a) The jury was instructed; (b) the cause was argued and submitted: (c) the jury retired to consider of their verdict; and (d) the jury returned their verdict as follows," *etc.* (*McCoggle* v. *State,* 41 Fla. 525, 26 South. 734; *Lawson* v. *Territory,* 8 Okl. 1, 56 Pac. 698.)

6. Exception is taken to certain remarks of counsel for the [9, 10] state in his closing argument to the jury. We do not approve the language employed by counsel, but the evidence is not brought to this court, and we are not, therefore, in position to say that counsel so far departed from the rules of legitimate advocacy as to require a reversal of this judgment. It may be that the evidence points to defendant's guilt so conclusively that no possible prejudice could have resulted from the objectionable remarks. Prejudice is not presumed. It must be made to appear, either affirmatively by the record, or by a denial or invasion of some substantial right from which the law imputes prejudice. The rule which formerly prevailed in this jurisdiction—"Error appearing, prejudice will be presumed"— was superseded by the provisions of section 9415, which command this court to give judgment without regard to technical errors or defects which do not affect the substantial rights of the parties.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.