STATE OF MONTANA ex rel. ANTHONY F. KEAST, County Attorney in and for the COUNTY OF MISSOULA, Relator, v. DISTRICT COURT of the FOURTH JUDICIAL DISTRICT OF STATE OF MONTANA, IN AND FOR COUNTY OF MISSOULA, and the HONORABLE WILLIAM F. SHALLENBERGER, District Judge, Respondents.

No. 10043.
Submitted May 8, 1959. Decided August 19, 1959.
342 Pac. (2d) 1071.

MR. JUSTICE ANGSTMAN dissented.

Anthony F. Keast, Missoula, argued orally for relator.

Thomas E. Mulroney, Missoula, Stanley M. Doyle, Polson, argued orally for respondent.

MR. CHIEF JUSTICE HARRISON:

Original proceeding. Relator, county attorney, filed herein petition for writ of prohibition, in which it was alleged that after an information had been filed in respondent court charging one Ernest O. Emery with the crime of murder in the first degree, and after arraignment had commenced, defendant through his counsel filed a motion in respondent court for an order requiring relator to produce, at a time and place to be fixed by the court, certain articles taken by or on the order of relator' from the home of defendant, for inspection by the defendant and defendant's counsel and any experts said counsel might choose; that on April 9, 1959, the motion was argued, granted in part, and April 23 set as the time for inspection; that on April 23 respondent court postponed the inspection until April 30; that respondent court was without jurisdiction upon which to predicate such order for inspection. Upon relator's petition, an alternative writ of prohibition was issued.

Motion to quash was filed herein by respondent, together with his answer.

The sole question is whether or not the respondent court had jurisdiction to grant defendant an order requiring the relator to produce certain articles for defendant's inspection.

In his motion for inspection, defendant moved for an order to require relator to produce the following articles for inspection which he stated had been taken from his home, the situs of the homicide: a 30-30 Winchester carbine rifle; empty and loaded shells for a 30-30 rifle; a 30.06 Remington rifle; empty and loaded shells for a 30.06 Remington rifle; all shells, either loaded or unloaded, taken from the person of the defendant; all rifle shells, loaded or unloaded, taken from his house in addition to those above specified; all spent bullets; a hunting knife, or knife similar to a hunting knife; a curtain with a hole in it; a portion of a corner sawed from the table; a piece

of crocheted table cloth; a portion of window casing; all human bones, human teeth and human tissues taken from the house; all writings or printed matter taken from the house; all clothing of defendant taken either from the house or from defendant's body or possession; all specimens of blood taken from the body of Norma Jean Emery, Leona Hefte, and the defendant, or from any woodwork or other portion of the house; all reports made by the Federal Bureau of Investigation relating to any of the foregoing or to any other matter in connection with the action; a slot attachment that screws on the end of a cleaning rod of a high-powered rifle; the metal brush that screws into the cleaning rod; the swabs and patches of cloth.

The order granted by respondent court allowed inspection of all the foregoing except the reports of the Federal Bureau of Investigation and limited the order with regard to written matter so as to exclude writings which were statements or memorandums given to the State by witnesses.

Defendant's motion for inspection is based upon his affidavit and made ''for the purpose of enabling the defendant to obtain evidence relating to his defense,'' and ''to permit the defendant by process of this court to require the county attorney of Missoula County, Montana, to produce the same at the trial of this action.''

It is admitted that under the common law there is no right to have inspection of evidence in the hands of the prosecution. Rex v. Holland, 4 Durn. & East 691, 100 Eng. Rep. 1248. Nor, in Montana, is there any constitutional provision or specific statute authorizing the same. This court has heretofore stated that our criminal code is complete and the legislature has designated specifically each step in the criminal procedure and practice. See State v. Bosch, 125 Mont. 566, 242 Pac. (2d) 477.

Respondent contends that a district court has jurisdiction to order inspection of written material in a criminal case by virtue of section 93-8301, R.C.M. 1947. As to tangible objects in the hands of the prosecution, respondent contends that a

court has inherent power to order them produced for inspection in the court's discretion.

In support of its first contention, respondent cites State ex rel. Boston & M. Consol. Copper & Silver Min. Co. v. District Court, 27 Mont. 441, 71 Pac. 602, as authority for the proposition that a district court has inherent power in a criminal case to order such inspection irregardless of the provisions of section 93-8301. That case was not a criminal case and its language deals with the inherent power of an equity court, which is not involved here.

Respondent's contention that section 93-8301 gives a court power in a criminal case to order inspection of writings is not well founded. Section 93-8301 is a civil inspection statute. In State v. Hall, 55 Mont. 182, 175 Pac. 267, a defendant sought to require the prosecution to produce for inspection a copy of a statement of the prosecuting witness. For purposes of that case alone, this court assumed, but did not decide that section 94-7209 R.C.M. 1947, which provides that the rules of evidence in civil actions are applicable to criminal actions, makes section 93-8301 applicable to criminal cases. Such statutory construction has been upheld in some jurisdictions. See State ex rel. Wagner v. Circuit Court, 60 S.D. 115, 244 N.W. 100; State v. Cala, Ohio App., 35 N.E. (2d) 758. However, it has been held to be unwarranted in others. See State ex rel. Mahoney v. Superior Court, 78 Ariz. 74, 275 Pac. (2d) 887. Whether or not this is a valid construction need not be decided here. Even if section 93-8301 is applicable to criminal cases, defendant herein was not entitled to inspection of written materials as granted by the lower court. In State v. Hall, supra, it was made clear that before inspection of documents would be allowed, the papers sought to be inspected must be admissible in evidence. As was said in that case, "The statute does not require the state to lay bare its case in advance of the trial." [55 Mont. 182, 175 Pac. 268.] In defendant's motion for inspection, there is no showing as to what the written material sought to be inspected consisted of, or whether it is relevant

to the defense. There is no showing that it is admissible in evidence.

The question as to the existence of inherent power in the district court to order inspection of evidence, absent any constitutional or statutory grant of power, is more problematical. In People ex rel. Lemon v. Supreme Court, 245 N.Y. 24, 156 N.E. 84, 52 A.L.R. 200, Justice Cardozo presents a learned exposition on the background of the problem. In a number of states the common-law rule that the defendant has no right to inspection has been modified by decision, statute, or rule of court. 2 Wharton's Criminal Evidence, section 671 (12th ed. 1955). In People v. Preston, 13 Misc. (2d) 802, 176 N.Y.S. (2d) 542, 548, the court states: "But very few states now refuse discovery or inspection of physical evidence, public documents or written reports of autopsies, chemical analyses or blood tests. " * * * much has transpired since Judge Cardozo foresaw the 'beginnings' and 'glimmerings' of the doctrine that criminal courts have an inherent power in furtherance of justice to compel discovery of documents." Even though many states find such inherent power, few, if any besides Louisiana, hold that the right to inspection is absolute, and most declare the power to require inspection is discretionary with the court. See State v. Dorsey, 207 La. 928, 22 So. (2d) 273. Even where such "inherent power" to order such inspection is found, the rule is recognized that this device may not be used to go on a "fishing expedition" in hope that something will turn up to aid the defense. In a recent case by the Supreme Court of Arizona (which state subsequently substantially adopted Rule 16, Fed. R. Crim. Pac., 18 U.S.C.A. in Rule 195 of the Rules of Crim-Proc., 17 A.R.S. for Arizona allowing inspection in criminal cases), the court said:

"* * * it should be noted that the authorities hold as a general rule the accused is not, *as a matter of right,* entitled to have evidence which is in the possession of the prosecution for inspection before trial. 14 Am. Jur., Criminal Law, section 210. This is a matter peculiarly within the trial court's discretion.

State v. Clark, 21 Wash. (2d) 774, 153 Pac. (2d) 297. The defense has no right to go upon a tour of investigation, in the hope that they will find something to aid them,. People v. Gatti, supra [167 Misc. 545, 4 N.Y.S. (2d) 130], and if it appears that the request for such an inspection is merely 'a fishing expedition to see what may turn up' it should be denied. 17 Am. Jur., page 8, Cum. Supp.'' State ex rel. Mahoney v. Superior Court of Maricopa County, 78 Ariz. 74, 275 Pac. (2d) 887, 890.

A recent case which denies ''inherent power'' in a court to order inspection is Walker v. People, 126 Colo. 135, 248 Pac. (2d) 287, 302. The Supreme Court of Colorado succinctly states the genesis of pre-trial discovery as being in equity and declares: ''The doctrine of discovery is therefore a complete and utter stranger to criminal procedure, unless introduced by appropriate legislation.

''If a defendant in a criminal case is not entitled as a matter of right to an order for inspection of written documents, then certainly the rule should be not less, but more strictly, maintained with respect to exhibits of types such as were involved in this case, which included blood and other stains, hair, fibers, and similar materials, upon which it was contemplated to conduct chemical experiments. It takes little imagination to visualize the extremity to which such 'prowling' might be extended should opportunity be afforded, and the serious effect that might result therefrom. If it be recognized that in rare and extreme instances the court might, under its inherent power and in the interest of justice, be justified in requiring the prosecution to permit inspection of exhibits in the hands of officers, such power should be exercised with great caution. Nothing appears in this case beyond that usually found in similar criminal proceedings, and the trial judge was correct when he said that here he had no right to grant defendant's request. Under the facts of this case defendant had no right of discovery or inspection, and the trial court was without right or discretionary power to grant the demand.'' See also Kinder v. Commonwealth, Ky. 1955, 279 S.W. (2d) 782.

From a review of the cases cited in the briefs and those discovered through independent research, the words of Judge Freschi in People v. Gatti, 167 Misc. 545, 4 N.Y.S. (2d) 130, 137, are still true:

"* * * from a reading of the cases here cited and others, we have today clashing and contradictory rules and precedents, whereas there should be a definite, fair, and clear understanding where the power of the court ends and abuse begins, declared through some superior authority."

In light of our holding in State v. Bosch, supra, we are hesitant to introduce new procedures in the administration of the criminal law. However, we realize the growing tendency to permit the defendant to inspect evidence in the hands of the prosecution in the interests of justice, so that he may prepare an adequate defense. Whether or not inherent power exists to compel production of such evidence for defendant's inspection need not be decided here, for even if such does exist, the defendant below does not show proper cause to move any discretion the lower court might have. The most that can be aid of his sweeping motion is that it is an attempt to "go on a tour of investigation" in the hope of finding something that will aid him. No showing was made as to how inspection might aid in producing evidence relevant to his defense.

For the foregoing reasons, the motion to quash is denied and the writ is made absolute.

MR. JUSTICE CASTLES, concurs.

MR. JUSTICE ADAIR: (specially concurring in the result).

The law-making authority of this state is vested in its Legislative Assembly. Constitution of Montana, Article V. section 1.

In the exercise of its law-making power the Legislature has enacted into the law of this state, statutes defining *"law"* and declaring how it is expressed and where it is to be found. R.C.M. 1947, sections 12-101, 12-102 and 12-103.

A court has no power to do anything which is not authorized by law.

''Judicial power is exercised by means of courts which are the mere creations and instruments of *the law,* and independent of the law the courts have no existence. *The law* precedes the courts. *The law* governs the courts.'' State ex rel. Bennett v. Bonner, 123 Mont. 414, at page 425, 214 Pac. (2d) 747, at page 753.

There is no provision in the Constitution or statutes of Montana that authorizes the district court or a judge thereof to make any order requiring the county attorney to hand over and deliver to the defendant, Ernest O. Emery, or to his attorney, on defendant's arraignment, the evidence which the county attorney, with the assistance of the peace officers of the city and county of Missoula have industriously gathered and now hold, and which is required by the county attorney in the prosecution of the defendant, Ernest O. Emery, for the crime of murder in the first degree, of which he is accused by information filed, March 26, 1959, in the district court for Missoula County.

Since there is no provision of the Constitution or statutes of Montana that authorizes the inspection, R.C.M. 1947, section 12-103, requires that the judge look to the common law of England for his rule of decision. There he should have observed that at common law neither the defendant nor his counsel have any right, in advance of defendant's trial, to inspect the evidence in the hands of the official prosecutor. Rex v. Holland, 4 Durn. & East 691, 100 Eng. Rep. 1248.

I find no law in Montana to authorize the making of the inspection order. On this ground alone, I concur in this court's order denying the motion to quash the alternative writ of prohibition and making the writ of prohibition abolute.

MR. JUSTICE BOTTOMLY: (specially concurring in result).

I concur in the result reached in the majority opinion upon the grounds set forth in the specially concurring opinion of Mr. Justice Adair, and for the further reason that under our form of government, our Constitution and Codes, there is no

inherent power in any of our courts. Inherent power, as I understand it, is an authority possessed without its being derived from another; a right, ability or faculty of doing a thing, without receiving that right, ability or faculty from another.

Where, as under our Constitution and Codes, all power and authority of courts are derived from the people, no "inherent power" can possibly be claimed by courts. The only such exercise of "inherent power" is by Almighty God, and certainly no court or judge thereof may presume to exercise such omnipotent authority or power.

MR. JUSTICE ANGSTMAN: (dissenting).

I do not agree with the foregoing opinion. I think the district judge properly exercised his discretion in granting defendant's motion for inspection. If some of the documents or articles are inadmissible in evidence, a point touched upon in the majority opinion, then no one will be hurt by their inspection.

Likewise, the fact that defendant may uncover something that will be helpful in his defense which he could not have foreseen, i.e., he might accidentally catch a fish, and thus the matter be given the earmarks of a fishing expedition, is in my opinion no valid objection.

If defendant already knows what an inspection would reveal, then there is no need of an inspection. The real purpose of an inspection of documents and articles is to enable defendant to meet whatever surprises might be in store for him as a result of the documents or articles which he seeks to examine. I do not think this court should condemn defendant's efforts as an attempt to embark upon a fishing expedition when there is nothing before the court to indicate an absence of good faith on his part to obtain evidence relating to his defense. I have also taken this same view in perpetuation of testimony proceedings in a civil case. See my dissenting opinion in State ex rel. Woodward v. District Court, 120 Mont. 585, 189 Pac. (2d) 998.

I think the order of the trial court was proper and that the relief here sought should be denied and the proceeding dismissed.