STATE EX REL. HOLCOMB, RELATOR, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 4,198.)

(Submitted March 18, 1918.    Decided April 16, 1918.)

[172 Pac. 329.]

*Supervisory Control—Perpetuation of Testimony—Petition— Sufficiency — Witnesses — Adverse    Party — Stipulations — Waiver.*

Evidence—Perpetuation of Testimony—Petition—Sufficiency.
    1.  A petition for the perpetuation of testimony which recited that the applicant expected to be a party to an action in a district court of this state, naming the intended adverse parties and stating the nature of the controversy, the residence of the witnesses and that accounts and records in their keeping and which they were desired to bring with them, were necessary to illustrate and make understandable their testimony, was sufficient under section 8043, Revised Codes, to entitle petitioner to the order prayed for.

Same—Adverse Parties—Witnesses.
    2.  Since an adverse party may be a witness, his testimony may be taken as provided by sections 8042 and 8043, Revised Codes.

Same—Stipulations—Waiver.
    3.  By entering into a stipulation for a change in the time and place of taking their testimony for the purpose of perpetuation, the parties defendant to an action in which such testimony was intended to be used waived the objection that, being adverse parties, their testimony could not be taken.

Original application by the State, on the relation of Rollin P. Holcomb, for writ of supervisory control to the District Court of the Seventeenth Judicial District in and for Phillips County,

and John Hurly, Judge thereof, to annul an order vacating an order directing testimony to be taken for the purpose of perpetuation. Order annulled.

*Messrs. Norris & Hurd,* for Relator, submitted a brief; *Mr. George E. Hurd* argued the cause orally.

*Messrs. Slattery & Kline,* for Respondents, submitted a brief; *Mr. John M. Kline* and *Mr. Torger Sinness,* the latter of the Bar of North Dakota, of Counsel, argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

The relator, Rollin P. Holcomb, presented to the Hon. John Hurly, as judge of the district court of Phillips county, a verified petition praying an order to take the testimony of R. D. Sutherland, E. R. Kahla and P. E. Skjerseth before John Hurly, judge of said court, at Saco, Montana, the said Sutherland, as cashier of the First National Bank of Saco, to bring with him certain accounts and records of said bank for use in connection [1] with such testimony. The petition recited that Holcomb "expects to be a party to an action" in said or some other district court of the state, having as adversaries the bank and the individuals above named; that the controversy relates to the amount of indebtedness due the bank from Holcomb, and upon the trial thereof it will be necessary for him to prove certain facts which are set forth, relative to the execution and purpose of certain promissory notes and relative to payments made by Holcomb upon or in connection with the same and not credited or miscredited to Skjerseth; that the said witnesses reside at Saco and all of them are or have been officers of said bank; that the accounts and records desired are necessary to illustrate and make understandable the testimony sought to be taken. The petition was granted and the order made accordingly, designating February 2, 1918, at 1 P. M. at the courthouse in Malta as the time and place for such examination, and directing subpoenas to issue; subpoenas were issued, but the time and place

so fixed were later changed by stipulation to Saco on February 11, 1918.

Thereafter the bank and the individuals so named moved the judge to vacate and set aside the order directing that such testimony be taken, upon the ground "that neither said court nor judge had, nor has either of them, jurisdiction to make or enforce said order," for that no sufficient showing is made in the petition therefor, and the persons named are not subject to have their testimony taken in advance because they are adverse parties. This motion was granted, the order referred to was vacated and in consequence the testimony sought was not taken, and cannot be taken, until the order to vacate is itself annulled— and it is this which the relator seeks by the present proceeding.

Assuming that the motion to vacate was properly addressed and presented to the authority from whence the order sought to be vacated had come, the fundamental question presented is whether a sufficient showing was made by the relator's petition to authorize the order of examination. Of this we have not the slightest doubt. The proceeding was under the authority of sections 8042 and 8043, Revised Codes, which provide:

"Sec. 8042. The testimony of a witness may be taken and perpetuated as provided in this chapter.

"Sec. 8043. The applicant must produce to a judge of the district court a petition, verified by the oath of the applicant, stating that the applicant expects to be a party to an action in a court in this state, and, in such case, the names of the persons whom he expects will be adverse parties; * * * and the name of the witness to be examined, his place of residence, and a general outline of the facts expected to be proved. The judge to whom such petition is presented must make an order allowing the examination, *etc.* * * * "

These requirements are simple, direct and plain. With them the relator's petition fully complied, and thus he became entitled to the order (13 Cyc. 875, 876; *Martin* v. *Hicks,* 6 Hun (N. Y.), 238; *In re Livingston,* 12 Mo. App. 80; *Newton* v. *State,* 21 Fla. 53; *Morse* v. *Grimke,* 8 N. Y. Supp. 1). Much discussion and

citation of authority are offered to show that something more than the statute requires was necessary, but what other courts may have said touching other statutes or in the effort to construe provisions similarly clear is not convincing.   (Rev. Codes, sec. 4.)

Contention is made, however, that under these provisions a [2, 3] party may not be subject to examination.   The answer is that an adverse party may be a witness and as such may be examined.   In any event, the respondents—viewing them as parties—agreed in effect that their testimony should be taken when they stipulated for a change in the time and place of taking.

The order to take the testimony having been made on a sufficient showing, it required something more than an attack upon that showing to justify a vacation of the order.

It follows that the order vacating the order to take testimony must be annulled.   It is so adjudged and directed, the respondents to proceed accordingly.

*Order annulled.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.