STATE EX REL. SMITH ET AL., RELATORS, v. DISTRICT COURT ET AL., RESPONDENTS.

(No. 8,240.)

(Submitted September 19, 1941.   Decided October 23, 1941.)

[118 Pac. (2d) 141.]

Cause submitted on briefs of counsel.

*Mr. John J. Greene,* for Relators.

*Mr. J. D. Fitzstephens,* for Respondents.

MR. JUSTICE ERICKSON delivered the opinion of the court.

On the 20th day of June, 1941, Wilbur Johnson filed in the District Court of the Ninth Judicial District for Glacier County an instrument entitled "Application for Perpetuation of Testimony." This application stated that the applicant expected to be a party to an action in which the relators would be adverse parties; that he expected to prove that relator J. W. Smith is the owner or manager of a certain store, with power to contract respecting it, and that the store was operated between certain dates with a profit, and finally that he was entitled to one-fourth (1/4th) of the profits. He sought by the application to secure an order permitting the examination of the relators and to have that testimony perpetuated.

Upon this application the court ordered the examination of relators before a justice of the peace, and further ordered that a subpoena *duces tecum* issue requiring relators to appear "and have with them for examination all records, books, papers, ledgers and other documents in their possession or under their control pertaining to all business done by" relators in the store

in question between the dates set out in the application. No mention is made in the application of these books, records, etc., referred to in the order, and no request is made for the issuance of the subpoena *duces tecum*.

Pursuant to the order notice was served on relators as provided in the order, and on the same day the justice of the peace, who was designated by the court to conduct the examination, issued the subpoena *duces tecum*. Relators then filed their petition for a writ of certiorari in this court, which was issued. Return was duly made by the respondent court and the matter was submitted upon briefs.

It is relators' position that the order for the perpetuation of the testimony was improper, in that the application did not conform with the requirements of the statute, and second that the order for the issuance of the subpoena *duces tecum* violates section 7, Article III of the Constitution of the state of Montana, which reads: ''The people shall be secure in their persons, papers, homes, and effects, from unreasonable searches and seizures, and no warrant to search any place or seize any person or thing shall issue without describing the place to be searched, or the person or thing to be seized, nor without probable cause, supported by oath or affirmation, reduced to writing.''

We will dispose of the latter contention first. Section 10618, ██ Revised Codes, provides for this writ, recognized by the common law, but no form of application for its issuance is provided by the statute. Therefore, it would seem that so far as our statutes are concerned, the court might order the issuance of the subpoena *duces tecum* without any application being filed, and without any showing that would justify its issuance. The courts, however, have sustained the relators' position in this case that the issuance of the subpoena without any showing to the court to justify it contravenes the constitutional guaranties against unlawful searches and seizures.

Since the statute prescribes no particular manner in which this showing must be made, so long as the essentials contemplated by the constitutional provision are presented to the court,

the court may within its discretion issue the writ without infringing upon the constitutional guaranties. The rule is thus stated in 56 C. J., page 1169, in discussing the constitutional prohibition of unlawful searches and seizures: "However, the constitutional inhibition has no reference to orderly and regularly prescribed proceedings for obtaining testimony in a civil case; and accordingly it has no application to, and clearly does not interfere with, the power of courts to compel the production of documentary evidence, upon a trial in court through a subpoena *duces tecum,* where the books and papers are shown to be material to the issue and are properly and sufficiently designated." In the same work and volume, at page 1170, the author says the production can only be compelled "where the necessity for their production, and the reasonableness of such action, is shown; and until this foundation is laid, until their relevancy or character is specified, an order for their production in a case is a violation of the constitutional protection of the one compelled to produce them." (See, also, *Kullman, Salz & Co.* v. *Superior Court,* 15 Cal. App. 276, 114 Pac. 589; 24 R. C. L. 720, and note in 31 L. R. A. (n. s.) 835.)

The rule is so well settled that no further citation of authority or quotations from other decisions are necessary to support it. A situation analogous to that found in this case was presented in two Montana cases, *State ex rel. Boston & Montana, etc., Co.* v. *District Court,* 27 Mont. 441, 71 Pac. 602, 94 Am. St. Rep. 831, and *State ex rel. Mendenhall* v. *District Court,* 29 Mont. 363, 74 Pac. 1078. In those cases inspection of certain documents was sought under section 1810, Code Civil Procedure 1895, now section 9771, Revised Codes, and this court held that the showing made in support of the applications was insufficient under both the statute and the constitutional provision. In the former case the court stated that the application should apprise the court of the nature of the action and the relief sought, so as to determine whether or not the documents sought to be inspected were material and relevant to the issues. In the latter case the court, after saying that the constitutional guaranty contained in section 7 of Article III of

the Constitution could not be disregarded, held that the application was insufficient in that it failed to show the necessity for the inspection of the documents sought to be examined. While in those cases the constitutional question was only incidentally discussed by the court, yet, particularly in the latter case, the court recognized that a failure to make a showing of the necessity for inspection contravened the constitutional prohibition.

Respondents rely on the case of *State ex rel. Holcomb* v. *District Court,* 54 Mont. 574, 172 Pac. 329. An application was there made, as here, seeking to perpetuate certain testimony. This court held that the petition sufficiently complied with the statute and went on to say that that was all that was necessary. No discussion is found in that decision as to the propriety of the issuance of the subpoena *duces tecum* which was ordered. Nothing in that decision indicates any intention on the part of the court to state, as the law, that an application complying with the provisions of the statute for the perpetuation of testimony was necessarily sufficient to support the issuance of the subpoena *duces tecum.* A study of the application does show that it contained more than the statute in question required for the perpetuation of testimony, in that a full showing as to the books and papers there ordered produced was made; the accounts and records were described, their relevancy was alleged as was the fact that to establish the applicant's case their examination was necessary. Here no showing is made by the application as to what papers relators should be required to produce, what relevancy they might have to the contemplated action, what necessity for their production existed, nor any other thing even to indicate that the applicant desired the subpoena to issue. Under the circumstances, the order of the court directing the issuance of the subpoena *duces tecum* was in violation of the constitutional guaranty of the relators.

While the application for the perpetuation of relators' testimony is not as definite and certain as it might be, particularly as to the nature of the plaintiff's contemplated action against relators, yet it seems sufficient to meet the requirements of the statute.

The propriety of relators' application for a writ of certiorari in this case is established by the decision in *State ex rel. Boston & Montana, etc., Co.* v. *District Court,* supra.

For the reasons set forth, the order of the court commanding the perpetuation of relators' testimony is proper, but that portion of it ordering the issuance of the subpoena *duces tecum* is improper and it is annulled and set aside.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANGSTMAN, ANDERSON and MORRIS concur.