STATE ex Rel. PITCHER, Relator, v. DISTRICT COURT ET AL., Respondents.

(No. 8371.)

(Submitted November 30, 1942. Decided January 11, 1943.)

[133 Pac. (2d) 350.]

*Messrs. Bennett & Bennett,* for Relator, submitted a brief; *Mr. Lyman H. Bennett, Jr.,* argued the cause orally.

132

*Mr. Frank E. Blair* for Respondents, submitted a brief, and argued the cause orally.

134

MR. JUSTICE ANDERSON delivered the opinion of the court.

Certiorari to review the action of the district judge of Madison county in ordering the examination of the relator as a witness preparatory to an action which the petitioner expects to bring against the relator.

The proceeding for the examination was instituted under Chapter 172, Code of Civil Procedure, Sections 10686-10692, Revised Codes, which authorizes and provides procedure for perpetuating the testimony of a witness which is material as proof of facts to be established in anticipated litigation. The testimony is taken in the manner and form of a deposition upon order of the district judge. The order is made upon verified petition showing that the applicant expects to be a party to an action to be commenced and giving the names of the persons he expects to be the adverse parties and showing the name of the witness to be examined and a general outline of the facts expected to be proved. While the statute does not expressly so provide, the petition should show the nature of the expected action and the subject matter of the controversy involved. No one can be subjected to examination under oath without knowing the purpose thereof and the particular matter to which his testimony is to be applied. In an action commenced the pleadings provide the information. When no action has been commenced the petition for the examination must sufficiently show the subject of controversy so the witness may know the matter concerning which he is being examined.

From the petition so presented the district judge must determine whether the proposed examination falls within the purview of the statute.

The petition in the instant case is designated "Petition to Perpetuate Testimony" and is as follows:

"The application of Charles F. Herman respectfully shows:

"I. That he expects to be a party plaintiff in an action to be brought in the above styled district court.

"II. That Walter Pitcher will be, or your petitioner expects him to be the sole adverse party.

"III. That the proof of the account for work, labor and

services rendered by your petitioner to Walter Pitcher, doing business as the Twin Bridges garage, or otherwise, at Twin Bridges, Madison County, State of Montana, during a period of approximately twenty-four years terminating on or about the month of March, 1941, as well as the offsets and payments thereon, are material to a full and complete adjustment of said account; and upon which said account your petitioner alleges there is upwards of One Thousand and no/00ths ($1000.00) Dollars now due, owing and unpaid from the said Walter Pitcher to your petitioner. Said proof is necessary to place your petitioner in a position to intelligently prepare his complaint in an action upon the account to force the payment thereof by the said Pitcher to your petitioner.

"IV. That Walter Pitcher resides at Twin Bridges, Montana, Madison County and is a necessary and material witness for your petitioner upon the trial of an expected action upon said account whose testimony is and will be necessary and material to your petitioner in the prosecution of said expected action thereon; that your applicant is informed and believes that the said Walter Pitcher will testify to the following facts and he expects to prove them by his testimony, to-wit:

"That your petitioner commenced work and labor in the employment of the said Walter Pitcher on or about the year 1917 and that he continued in his said employment up to on or about the month of March, 1941; that he will establish the compensation agreed upon by and between your petitioner and said Pitcher. That he will testify to and establish the books of account which he has kept in the operation of his business at Twin Bridges, Montana, and adequately identify and establish them for the use of your petitioner upon the trial of the said cause of action. That he will produce and identify his several books of account, including cancelled checks given in partial payment of said account at diverse times during said period as well as his social security and unemployment compensation records. That he will testify to any and all offsets and claims

credit against your petitioner's wages and compensation during the said period of time.

"V. That without the testimony and records of the said Walter Pitcher your petitioner will be unable to establish for the court the correct amount due, owing and unpaid from the said Pitcher to your petitioner.

"VI. That the said Walter Pitcher has in his possession Social Security and Unemployment records as well as books of account, including cancelled checks, showing the true status of the account of your petitioner and it is necessary that said Pitcher produce all of such records and to testify concerning them, and he will on such hearing as your petition[er] is advised and believes, identify them so that his testimony will be adequately illustrated and explained so that the same may be useful to the plaintiff on the trial of the anticipated action.

"Wherefore your petitioner prays that this honorable court make an order allowing the examination of the said witness and directing him to produce all of his records of whatsoever kind, nature or description that relate to his employment by the said Walter Pitcher during the period mentioned in this petition including but not limited to the following: Social Security Records, Unemployment Records, all cancelled checks, all receipts, ledger accounts, if any, all accounts or records that relate to the amount of compensation and the offsets, if any, claimed by the said Pitcher against the Employment contract or wages of the petitioner during the period described in the petition."

Upon this petition the judge made an order for the deposition of the relator to be taken before the clerk of the court and he was required by the order to "then and there have with him to illustrate and explain his testimony all books of account or other records by him kept in the usual course of his business or otherwise touching upon or relating to the account of said Walter Pitcher with said Charles F. Herman, including but not limited to the following:" (listing the same books and papers as set out in the petition).

A subpoena was issued by the clerk of court commanding the relator to appear for examination as ordered by the court and with the following further command: "And you are further commanded to bring with you and then and there produce in evidence, to illustrate and explain your testimony, all books of account or other records by you kept in the usual course of your business or otherwise touching upon or relating to the account of you, the said Walter Pitcher, with said Charles F. Herman including but not limited to the following:" (listing the same books and papers as set out in the petition).

The petition shows clearly that the purpose of the proposed examination is not such as provided for by the statute under which the proceeding was instituted. The applicant does not want to examine a witness to preserve his testimony. He wants to examine books and records to determine the true status of an account on which he expects to sue. This is not a conclusion from reading the petition. It is the statement of the applicant himself. He says that there is upwards of $1,000 owing to him on the account but that he needs to examine the witness who is the party he expects to sue, and his books of account and records, to get the facts necessary to a full and complete adjustment of the account and to enable him to prepare his complaint in an action to enforce payment. He asks that the witness bring all his books of account and records of all kinds kept by him in the business in which he was engaged and wherein the applicant was employed and out of which the account arose. He says that the witness will identify all such books and all the entries therein and all the records and papers in his possession bearing upon and constituting the record of the account so that the same will be in readiness for convenient use upon the trial of the case.

This is an entirely different proceeding from that for the ▮▮ perpetuation of testimony. What the applicant seeks to accomplish is to have an audit of the books and records and that it be done by an inspection and examination of the books before the clerk of the court with the adverse party there

under oath, identifying the books and records and pointing out each and every item of entry and each and every paper relating to the account, all to be written into the deposition. After that has been done he proposes then to bring action on the account upon the basis of the statement of the account so established.

The plan proposed, even though it were attempted in a proceeding authorized by law, seems altogether impractical, and the purpose in view impossible of accomplishment thereby. It is not to be expected that the witness will have in his mind all the facts sought to be established. The facts will have to be ascertained by examination of the books and records. It is inconceivable that this can be done as proposed, before the clerk of the court and have as the result thereof, a statement of the account embodied in the testimony of the witness in such form as to be convenient for use in proving the account upon the trial of the case. The result of the examination proposed will be nothing of value to the applicant upon the trial. While we are not necessarily concerned with the result of the examination, it is proper that it be considered in determining the purpose and the good faith of the applicant in seeking to have the examination made. If it is clear that the aim sought to be accomplished is not obtainable in the proceeding proposed, then it would appear that the applicant is not acting in good faith and that the purpose is something other than that for which the procedure employed is intended.

The proceeding launched by the petitioner is what the courts have often spoken of as a fishing expedition, in this instance having for its purpose the discovery of facts and information as the basis for litigation. The relator is under compulsion to come with all his books and records, expose everything he has that tells the story of his business for twenty-five years, submit it all to the scrutiny of the man who is planning a lawsuit against him. Clearly this would be a violation of the relator's right to security against unlawful search and seizure of his papers and effects, and cannot be allowed.

Every litigant has the right to inspect records and documents in the possession of his adversary when necessary for the establishment of facts material to an issue before the court. But such inspection must be reasonable and under the safeguards which the law provides, in keeping with the constitutional guaranty.

The petitioner has ample remedy by proper procedure. He says that the witness is indebted to him on an account for labor and services in a twenty-four year period of employment on which there is owing to him upwards of $1,000. He does not need to examine the witness nor the books to determine the exact amount. He can sue for $1,000 and after action commenced he may then have inspection of the books before trial. Upon the trial a reference can be ordered if necessary in the examination of the account for the establishment of facts in connection therewith. In so proceeding the petitioner would obtain the evidence he is entitled to have, and in an orderly and lawful manner, and the adverse party would not be put at a disadvantage, but would be in position to maintain his rights as the law provides.

None of the cases cited by the respondent are authority for the use of the proceeding for perpetuation of testimony for the purpose for which it is here sought to be employed. The case of *State ex rel. Holcomb* v. *District Court*, 54 Mont. 574, 575, 172 Pac. 329, strongly relied upon by the respondent, presented no such question as we have before us in this case. There the petition was definite and specific. It set forth the facts to be proved and specified the accounts and records of the bank which the cashier, called as a witness, was required to bring. The court held that the petition was sufficient under the statute and that the order for taking the testimony was properly issued. The petition showed no such purpose in the proceeding as is expressly stated by the petitioner in the instant case.

The case of *State ex rel. Cook* v. *District Court*, 102 Mont. 424, 58 Pac. (2d) 273, dealt with the question of taking the testimony of a nonresident and the question of proper service

upon corporations and associations in such proceeding. It did not deal with the question presented in this case.

The case of *State ex rel. Smith* v. *District Court,* 112 Mont. 506, 118 Pac. (2d) 141, held that there was not sufficient showing by the applicant for requiring the production of any books or documents as ordered by the court and the subpoena *duces tecum.* No other question was therein disposed of.

In California where they have a statute for the perpetuation of testimony exactly the same as our statute the court has pointed out the necessity for a showing different from such as we have in the instant case to give the right of examination. In *Demaree* v. *Superior Court,* 10 Cal. (2d) 99, 73 Pac. (2d) 605, 607, there was a proceeding instituted for the perpetuation of testimony. The witness was called for the purpose of identifying and proving a certain policy of insurance, the existence of which and the provision thereof were material to be shown in expected litigation. The petition was sustained and the witness was required to produce the designated document. The court held that the petition for its production in such proceeding was sufficient, the application showing the anticipated litigation, the materiality of the evidence and the specific designation of the document to be produced. The court discusses the contention there made that the examination would require the production of the insurance policy in question and result in an unreasonable search and seizure in violation of the provisions of the Constitution. The court says that ''the authorities cited in support of this contention fail, in our judgment, to meet the case. They relate, for instance, to a subpoena to produce 'all books,' without specific description of particular and material documents. (*Ex parte Clarke,* 126 Cal. 235, 58 Pac. 546, 46 L. R. A. 835, 77 Am. St. Rep. 176.) In *Funkenstein* v. *Superior Court,* 23 Cal. App. 663, 139 Pac. 101, it was sought to inspect books without showing that any certain book was material; and in *Pyper* v. *Jennings,* 47 Cal. App. 623, 191 Pac. 565, the subpoena referred to 'certain books,' without showing that any

book or document contained evidence relevant or material to the issue before the court.''

The language of the court in that case shows clearly the distinction and the line of demarcation. Had the requirement there been that the witness produce all books and records of the company wherein might be found any reference to and record of the policy in question the examination would have been denied as proposing a general search and seizure of all the books and records of the company. The cases cited as bringing out the distinction, show clearly that the court would not have authorized an examination such as is proposed in the instant case.

The order issued by the district judge would make of Chapter 172 of the Code of Civil Procedure a discovery statute, which it is not, and would authorize the examination of an adverse party and his books and records in a manner not provided for by law. The order was in excess of jurisdiction of the district judge, and is therefore annulled.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON and MORRIS concur.

Rehearing denied February 10, 1943.