STATE ex rel. WOODARD et al., Relators, v. DISTRICT
COURT OF FOURTEENTH JUDICIAL DISTRICT et al.,
RESPONDENTS.

No. 8789.

Submitted December 2, 1947. Decided February 13, 1948.

189 Pac. (2d) 998.

Mr. Alexander F. Kelly, of White Sulphur Springs, for relators. Mr. Kelly argued the cause orally.

Mr. George E. Niewoehner, of White Sulphur Springs, for respondents. Mr. Niewoehner argued the cause orally.

Mr. Ralph J. Anderson, of Helena, amicus curiae.

MR. CHIEF JUSTICE ADAIR delivered the opinion of the court.

Original proceeding. Certiorari issued on the petition of relators commanding the district court of Meagher county to certify to this court the transcript of its record and proceedings on the application of James E. Shook for an order allowing the examination of relators preparatory to the commencement of an action which Shook represents that he expects to bring against them.

On the return day the respondent court filed written motion to quash the writ and, without waiver thereof, made return thereon.

The application to the respondent court states:

"The application of James E. Shook respectfully shows:

"I. That the applicant expects to be a party to an action in said district court, and in the action he expects George Woodard and Mable Woodard Eyman will be adverse parties.

"II. That the names of the witnesses to be examined and their places of residence are: George Woodard, on a ranch near Martinsdale, Meagher County, Montana.

"Mable Woodard Eyman, Castle Rock, Washington, who now, and for many months last past, has been living with the said George Woodard at his place of residence.

"III. That a general outline of the facts expected to be proved is: that George Woodard and Mable Woodard Eyman

have appropriated for themselves property which in fact belonged to Argo Woodard, deceased, and to Emma Woodard, deceased; that applicant is one of the heirs of the said Argo Woodard and of the said Emma Woodard, and as such has been damaged by such appropriation; that the said George Woodard and Mable Woodard Eyman deny said property belonged to said deceased persons; that all of these things have happened in the said County of Meagher; that the said George Woodard and Mable Woodard Eyman know, and have records, books, accounts and papers which will show, the facts and circumstances pertaining to such appropriation and to the extent of said damages, and that they are necessary and material witnesses for the applicant on the trial of said expected action, whose testimony is and will be necessary and material to your petitioner in the defense of said expected action.

''Wherefore the applicant prays for an order directing an examination of said George Woodard and Mable Woodard Eyman, before some person to be designated by your honor, and at such time and place and upon such notice to the parties in interest as your honor may direct, and directing the said George Woodard and Mable Woodard Eyman to bring with them, and have then and there, all records, books, accounts and papers which will or might throw light upon the facts expected to be proved.''

Upon the above application the respondent court made the following order:

''Upon the application of James E. Shook, praying for the perpetuation of the testimony of George Woodard and Mable Woodard Eyman, it is hereby ordered that the depositions of said George Woodard and Mable Woodard Eyman be taken before Mary E. Pearson, a Notary Public, in and for the State of Montana, at the Court House, in the town of White Sulphur Springs, County of Meagher, State of Montana, on the 13th day of November, 1947, at 2:00 o'clock P. M. of that day.

''Ten days' notice of the taking of said deposition shall be

given, and said deposition when taken shall be returned to the Clerk of this Court, Meagher County, State of Montana.

"Dated at White Sulphur Springs, Montana, this 28th day of October, 1947.

"F. V. Watts

District Judge"

Three days after the making and filing of the above order, to wit on October 31, 1947, the attorney at law representing James E. Shook in said proceedings, personally served upon relators a copy of the aforesaid application and court order and a notice addressed to them and signed by said attorney notifying relators of the time and place at which they should present themselves before a notary public for the taking of depositions and giving notice that relators should bring with them and have "then and there, all records, books, accounts and papers which will or might throw light upon the facts expected to be proved as outlined in the application for said order," a copy of said application being attached to said notice.

Relators urge that Shook's application, supra, is insufficient to warrant the order made by the district court; that the order is in excess of jurisdiction and that the order and proceedings are violative of sections 7 and 27 of Article III of the Constitution of the state of Montana.

The proceedings in the district court were instituted under sections 10686-10692, Revised Codes of Montana 1935.

These statutes are for the perpetuation of testimony but they are not discovery statutes.

The application must be made in good faith for the purpose of obtaining, preserving and using material testimony (Irving v. Superior Court, 79 Cal. App. 361, 249 Pac. 236) and a sham application must be denied. Cailleaud v. Superior Court, 108 Cal. App. 752, 292 Pac. 145.

The court's order did not authorize the inspection of relator's records, books, accounts or papers. No subpoena duces tecum was issued or served upon relators and there was and is no authority for commanding that relators at the time and

place set for the taking of their deposition have "then and there, all records, books, accounts and papers which will or might throw light upon the facts expected to be proved as outlined in the application for said order." The notice executed by Shook's attorney is not a substitute for a subpoena duces tecum.

The application for order to perpetuate testimony sets forth as the "general outline of the facts expected to be proved" that "George Woodard and Mable Woodard Eyman have appropriated for themselves property which in fact belonged to Argo Woodard, deceased, and to Emma Woodard, deceased," and that "the said George Woodard and Mable Woodard Eyman deny said property belonged to said deceased persons."

The application also sets forth that the Woodards have records, books, accounts and papers which will show the facts and circumstances pertaining to such appropriation and that they are necessary and material witnesses for the applicant on the trial of his expected action.

These latter allegations are of course no part of the "general outline of the facts expected to be proved" but merely state the nature of some of the evidence by which the proof is to be made.

The order in the case does not require the witnesses to bring and have with them before the magistrate named to take the testimony, any records, books, papers or effects, and therefore any question as to the order being in excess of jurisdiction in that respect as it was in the case of State ex rel. Pitcher v. District Court, 114 Mont. 128, 133 Pac. (2d) 350, is not here before us.

While the statement of "the facts expected to be proved" may be held to constitute a scant compliance with the demand of the statute for a "general outline of the facts," it is so indefinite and the "outline" is so faint, that it might fail in its purpose to obtain the testimony of a witness who would refuse to testify under an objection that the testimony sought is not pertinent nor relevant to any issue. "A witness * * * must * * * answer all pertinent and legal questions." Sec. 10673,

Rev. Codes of Montana 1935. The following section of the Code, 10674, declares that "A witness must answer questions legal and pertinent to the matter in issue, though his answer may establish a claim against himself."

Section 10675, Revised Codes, provides that "It is the right of a witness to be protected from irrelevant, improper, or insulting questions, and * * * to be examined only as to matters legal and pertinent to the issue."

These statutes were cited in a case where contempt was charged against a witness who refused to answer questions and this court said "to answer as a witness, then, means to answer pertinent and legal questions." State ex rel. Bacorn v. District Court, 73 Mont. 297, 236 Pac. 553, 554.

Whether a deposition be taken in a proceeding to perpetuate testimony, or in any other matter or case where depositions may be taken, it appears that an issue should be tendered by the affidavit, application or complaint, sufficiently definite to disclose that the testimony sought is relevant and pertinent to the framed or proposed issue. What is said in this regard is because in the arguments and briefs herein, counsel devote quite some part thereof to the right to compel the witnesses named in the application to bring before the magistrate their records, books and papers. In the case at bar however, no subpoena duces tecum was issued,—merely a notice and demand to the proposed witnesses to appear with such records. The order of the district court allowing the examination of the witnesses contained no such requirement and in this respect it was correct. The only order the court makes is the one prescribed in the statute, allowing the examination, and designating the officer named before whom the deposition is to be taken, and directing the notice thereof to be given the named adverse parties. The process by which the attendance of the witness is required is by a subpoena. Sec. 10618, Rev. Codes.

In their petition for the writ filed in this court relators aver "that they have no plain, speedy or adequate remedy at law and that there is no appeal from said order of said district

court." However, it must be remembered that the order complained of was made by the district court without notice to relators, they being the adverse parties, and that such order under the provisions of section 9776, Revised Codes, "may be vacated or modified, without notice, by the judge who made it; or it may be vacated or modified on notice, in the manner in which other motions are made."

Hence relators should have availed themselves of the remedy afforded by section 9776, supra, before seeking relief in this court. At the time relators filed their petition in this court counsel's attention was called to the provisions of section 9776, Revised Codes, but such statute is poorly indexed and seems to have been but little used in the past by the practicing attorneys in the state. However, we are here directing attention to the relief available under such statute as it will be the policy of this court in the future to require that application be first made to the district court for relief in similar cases before applying to this court for a writ.

The only matter before this court is whether Shook's application complies with the requirement of the statute, section 10687, Revised Codes. In our opinion the application meets, though barely, the literal requirement of the statute. Accordingly, the motion to quash the writ is sustained and the proceeding in this court dismissed.

Associate Justices Choate, and Gibson, concur.

Mr. Justice Angstman, (concurring in part and dissenting in part).

I concur in the result reached by my associates that the motion to quash the writ should be sustained and the proceeding dismissed, but I do not arrive at that result so reluctantly as do my associates.

The statute relating to perpetuation of testimony provides that the applicant must produce a petition stating among other things: "a general outline of the facts expected to be proved." Sec. 10687, Rev. Codes. This very language shows clearly that the applicant need not set out the facts expected to be proved

with the same particularity necessary to the statement of a cause of action in a complaint. A general outline is all that is necessary. Even in an action already filed the plaintiff may not be required to give the particulars regarding facts of which his adversary already had knowledge or means of knowledge, (41 Am. Jur., "Pleading," sec. 272) or where it appears from the nature of the pleadings that the party demanding them has presumably a better knowledge of the matter than his adversary. (49 C. J. 639.)

Here it is alleged that "George Woodard and Mable Woodard Eyman have appropriated for themselves property which in fact belonged to Argo Woodard, deceased and to Emma Woodard, deceased; * * * That the said George Woodard and Mable Woodard Eyman deny said property belonged to said deceased persons; * * * that the said George Woodard and Mable Woodard Eyman know, and have records, books, accounts and papers which will show the facts and circumstances pertaining to such appropriation and to the extent of said damages."

Obviously, if the persons named appropriated property belonging to the estate in question they know what property is involved. Likewise, as alleged here, if they deny that the property belonged to the estate they must know what property is claimed to have been appropriated. I think the petition clearly meets the statutory requirement that it contain a general outline of the facts expected to be proved.

The case of State ex rel. Smith v. District Court, 112 Mont. 506, 118 Pac. (2d) 141, 142, involved this allegation, "that the applicant expected to be a party to an action in which the relators would be the adverse parties; that he expected to prove that relator J. W. Smith is the owner or manager of a certain store, with power to contract respecting it, and that the store was operated between certain dates with a profit, and finally that he was entitled to one-fourth (¼th) of the profits." In holding this allegation sufficient this court said: "While the application for the perpetuation of relators' testimony is not as definite and certain as it might be, particularly as to the

nature of the plaintiff's contemplated action against relators, yet it seems sufficient to meet the requirements of the statute."

Since the petition meets the requirements of the statute, nothing more was necessary, and the applicant was thus entitled to the order complained of. State ex rel. Holcomb v. District Court, 54 Mont. 574, 172 Pac. 329.

I think this result follows no matter what the purpose of the statute may have been. This court has no right to say that the statute is not a discovery statute and then attempt in each case to determine whether the applicant is attempting to use it as a discovery statute. When this court finds that the applicant has followed the statute, it cannot and should not do more in the way of an endeavor to ascertain whether applicant is on a fishing excursion. Few witnesses testify exactly as they are expected to. Does that transform the entire proceeding into a fishing expedition? If not, where is the line to be drawn.

I agree too that the validity of the order in question here must be determined without any reference to the attempt after the making of the order to have the witnesses produce books or papers. I think, however, in view of what was said on that subject in the case of State ex rel. Pitcher v. District Court, 114 Mont. 128, 133 Pac. (2d) 350, and State ex rel. Smith v. District Court, supra, the subject should be given consideration by this court at this time.

I think this court was in error in both of those cases in holding that the production of books and papers violated the Constitution against unreasonable search and seizure. The court in the Smith case stressed section 9771, Rev. Codes, but apparently overlooked the last sentence in that section, reading: "This section is not to be construed to prevent a party from compelling another to produce books, documents, or papers, when he is examined as a witness."

When the order is made to take the testimony pursuant to sec. 10687, the person designated as the officer before whom it will be taken may issue a subpoena duces tecum under sec. 12180 without any other court order. The question then would

be whether the subpoena duces tecum intelligibly described the books, papers or documents. If the subpoena sufficiently described the books, papers and documents, they should be produced. If they are thought to be irrelevant or immaterial or constituted an unreasonable search or seizure, objection should be made to their use and the point is preserved and saved and can be again raised if and when the evidence is sought to be used at the trial under section 10691, Rev. Codes.

I think the Pitcher case, supra, which was argued while I was a member of the court but which was not decided until my term expired, went far afield in holding that the petition there involved was not made in good faith and in characterizing the proceeding as a fishing expedition. If the statute is complied with, and I think it was in that case, as well as in this, then the fact that the use of the proceedings relating to the perpetuation of testimony accomplishes an investigation of the facts or some part of them before commencing the action is no reason why the proceeding should be condemned as a fishing expedition.

The proceeding promotes the policy of sifting out the facts before trial and even before action is commenced much the same as pretrial conferences. Books and papers were examined in State ex rel. Holcomb v. District Court, supra, and that case has ruled these matters for more than a quarter of a century until the Smith and Pitcher cases have injected confusion and uncertainty in the procedure. I think both of them should be overruled, so far as they treat of the production of books and papers, as passing upon a constitutional point prematurely and without having before the court sufficient evidence as to the nature and character of the books, papers and documents to arrive at any intelligent opinion as to whether they constituted unreasonable searches or seizures. The Pitcher case should be overruled in its entirety. I find no justification in law for this court to hold out the promise that it will examine each of these applications, when requested to do so, after other remedies are exhausted, to see whether in the opinion of this court it is made

in good faith to perpetuate testimony or whether the applicant has embarked upon a fishing expedition.

I think in this case the order made was proper and that this application should be denied and dismissed.

I disagree with my associates in their adroit effort at this stage of the case to provide an avenue of escape from contempt charges on the part of the witnesses if they refuse to testify. In effect my associates hold that the application for perpetuation of testimony is sufficient to sustain the order but that it is too indefinite to form issues upon which witnesses may be interrogated.

In my opinion the petition is sufficient to meet both of these objections. Furthermore, I think this court should not at this early date foreshadow its conclusion that the witnesses in this case will not be guilty of contempt if they refuse to testify. In effect the court has said to the witnesses whose testimony is here sought that in response to the questions they may simply assert, "on the advice of the Supreme Court we refuse to answer." We should so construe and apply the statute as to give effect to its clear intent and purpose, and this whether we as individuals have likes or dislikes for the statute and its operation.

I think, if the petition is sufficient to justify making of the order—and I feel sure it is—it is likewise sufficient basis for the propounding of questions relating to the general outlined statement and that the witnesses should be compelled to answer them.

Mr. Justice Metcalf.

I concur in the result reached by the Court in the majority opinion.

I further concur with Mr. Justice Angstman in his criticism of the Court's attempt in State ex rel. Smith v. District Court, 112 Mont. 506, 118 Pac. (2d) 141, and State ex rel. Pitcher v. District Court, 114 Mont. 128, 133 Pac. (2d) 350, to limit the scope of the perpetuation of testimony statutes and agree with

596

the principle laid down in that the litigants under these statutes should be given the broad powers intended by the legislature.

I also agree that a general statement provides an adequate basis for propounding of questions to the witnesses called in and that witnesses should be compelled to answer any questions pertinent to the issues presented under such a statement.