THE STATE OF MONTANA, ex rel. A. L. NEILSON, Relator, v. DISTRICT COURT of the EIGHTH JUDICIAL DISTRICT and the HONORABLE J. W. SPEER, Judge thereof, et al., Respondents.

No. 9483.

Submitted October 13, 1954. Decided December 3, 1954.

277 Pac. (2d) 536.

Mr. Edmund G. Toomey, Mr. Michael J. Hughes, Helena, for appellant.

Messrs. Jardine, Chase & Stephenson, Mr. John H. Weaver, Great Falls, for respondents.

Mr. Hughes and Mr. Weaver argued orally.

MR. JUSTICE FREEBOURN:

This is an original proceeding in this court whereby the relator seeks a writ of review (certiorari) directing the respondent judge to certify the records of the respondent court in the matter of the application of William P. Sneddon for the perpetuation of the testimony of A. L. Neilson, also known as Ace Neilson, to this court for review, and asking this court to hold that an "order for the pepetuation of testimony" and a "subpoena duces tecum" in said matter be ordered and adjudged "null and void."

A temporary order restraining the respondents from proceed-

ing in said matter issued and a hearing on the merits of relator's petition was had in this court on October 13, 1954.

The record before us discloses that on September 21, 1954, William P. Sneddon filed a petition in the respondent district court alleging that he ''expects to be a party plaintiff in an action in a court of this state, and expects A. L. Neilson [relator], also known as Ace Neilson, to be an adverse party in a suit arising out of serious personal injuries sustained by petitioner resulting from a premeditated malicious and wilfull assault and battery committed upon the body of petitioner by said A. L. Neilson, also known as Ace Neilson, which criminal assault and battery took place on or about August 22, 1954.

''That in said action proof of the facts and circumstances surrounding the assault and battery, the explanation of A. L. Neilson, also known as Ace Neilson, of the cause thereof, the conditions existing at the time and place, the malicious intent of Neilson in causing wilful and painful injury to petitioner, the events leading up to the assault and battery, the statements, if any, made by A. L. Neilson, also known as Ace Neilson, at the time of, immediately prior to, and following the criminal assault, the agency relationship of A. L. Neilson, also known as Ace Neilson, to an unknown principal, if any, in committing the assault and battery, the financial capabilities of A. L. Neilson, also known as Ace Neilson, and his principal, if any, to respond in and pay punitive as well as compensatory damages, and in general the facts and circumstances leading up to, at the time of and immediately following the attack by A. L. Neilson, also known as Ace Neilson, on your petitioner, will be necessary and material to establish;

''That the name and residence of the witness to be examined is as follows: A. L. Neilson, also known as Ace Neilson, whose post office address is Wolf Creek, Montana, and who lives between Wolf Creek and Augusta, Montana, on one of the tributaries of the Dearborn River.

''That a general outline of the facts which your petitioner expects to prove is that the severe, disabling and painful injuries

inflicted on him by A. L. Neilson, also known as Ace Neilson, were so inflicted without provocation by petitioner and in the pursuit of an unlawful, wilful and malicious design on the part of A. L. Neilson, also known as Ace Neilson and resulted from a premeditated, malicious intent on the part of A. L. Neilson, also known as Ace Neilson, to commit an unlawful, unwarranted and illegal attack upon the person of petitioner.

"Wherefor, petitioner prays that the testimony of said witness be perpetuated before a Notary Public, and for an order directing an examination of said witness before a notary public to be designated by the court and at such time and place and upon such notice to the parties in interest as the court may direct, and directing an examination of books, records, copies of state and federal income tax returns, and other documentary evidence pertaining to said witness's present financial condition, including but not limited to real and personal property owned by him or in which he has an interest.''

On September 21, 1954, the respondent court and judge issued an ''order for the perpetuation of testimony'' of A. L. Neilson, whereby it was ordered ''that the examination and deposition of the above named A. L. Neilson, also known as Ace Neilson, be had, and that at the same time and place there also be had an examination of books, records, copies of state and federal income tax returns and other documentary evidence pertaining to said A. L. Neilson, also known as Ace Neilson's present financial condition, including but not limited to real and personal property owned by him or in which he has an interest, which said books, records, copies and other documents may now be in his possession or under his control, and that Raymond L. Robertson [a respondent], a notary public for the State of Montana, is hereby designated as the officer before whom the said examination and deposition shall be had and said examination and deposition of A. L. Neilson, also known as Ace Neilson, and the documentary evidence hereinabove referred to shall be had before said officer at the court room in the court house in the City of Great Falls, County of Cascade, State of Montana, on the 29th day of

September, 1954, beginning at the hour of 10:00 o'clock A. M. of said day and to continue thereafter during the usual hours until completed, and that said witness shall attend at the time and place designated and shall at such time and place bring with him the documents hereinabove referred to and any others that may pertain to the subject generally sought to be established, there to be examined as prayed for in the said petition. * * *''

The ''subpoena duces tecum'' signed by the respondent, Robertson, commanded A. L. Neilson of Wolf Creek or Augusta, Lewis and Clark County, Montana, to appear in Great Falls, in Cascade County, at the time and place fixed in the respondent court's order to perpetuate testimony, ''then and there to testify in the above entitled matter, and you are further commanded to bring with you and then and there present in evidence all books, records, copies of state and federal income tax returns and other documentary evidence pertaining to your present financial condition, bank books and bank statements having to do with your bank credits during the month of August, 1954, and disobedience will be punished as a contempt by the said court.

''Witness: Raymond L. Robertson, a notary public for the State of Montana, residing at Great Falls, Montana, and his notarial seal, this 21st day of September, 1954 * * *''

The legal reasons for taking the depositions of witnesses, so that their testimony may be perpetuated, are ''to establish the facts which such depositions prove, or tend to prove, upon proof of the death or insanity of the witnesses, or that they cannot be found, or are unable, by reason of age or other infirmity, to give their testimony * * *.'' R. C. M. 1947, sec. 93-2301-6.

Sneddon's petition is barren of any allegation that Neilson's deposition is sought for the purpose of perpetuating his testimony. It is barren of any allegation that Sneddon's purpose, in seeking such perpetuation, was to use such testimony at the contemplated trial, in the event that Neilson, at such time, might be dead, insane, unable to be found, or ''by reason of age or other infirmity'' unable to give testimony.

To the contrary the real purpose of taking such deposition, as

appears from the record, is to discover and ascertain "the financial capabilities of A. L. Neilson, also known as Ace Neilson, and his principal, if any, to respond in and pay punitive as well as compensatory damages."

The deposition of a witness, under the statutes which permit such depositions to be taken for the perpetuation of his testimony, R. C. M. 1947, secs. 93-2301-1 to 93-2301-7, may not be taken merely for the purpose of discovering or ascertaining facts or evidence which may be helpful to a party's cause. State ex rel. Pitcher v. District Court, 114 Mont. 128, 133 Pac. (2d) 350.

Such deposition may only be taken where the application therefore is made in good faith for the purpose of obtaining, preserving and using material testimony. State ex rel. Woodard v. District Court, 120 Mont. 585, 189 Pac. (2d) 998.

Sneddon's petition does not, therefore, state facts sufficient to warrant the issuance of either the order for the perpetuation of Neilson's testimony or the subpoena duces tecum.

Sneddon's petition, filed in the respondent district court, alleges facts upon which Neilson could be charged, tried and found guilty of a felony, to-wit: Assault in the second degree, for every person who "wilfully or wrongfully wounds or inflicts grevious bodily harm upon another, either with or without a weapon * * * is guilty of an assault in the second degree, and is punishable by imprisonment in the state prison for not less than one nor more than five years, or by a fine not exceeding two thousand dollars, or both." R. C. M. 1947, sec. 94-602, subd. 3.

If the order for perpetuation of Neilson's testimony and the subpoena duces tecum, issued thereunder, are allowed to stand, Neilson, if the allegations of Sneddon's petition are true, would be compelled to admit he had committed such assault and felony, for the subpoena duces tecum provides that "disobedience [thereto] will be punished as a contempt by the said court."

To compel Neilson to so testify would be a violation of Article III, sec. 18, of the Constitution of Montana which provides that: "No person shall be compelled to testify against him-

self, in a criminal proceeding, nor shall any person be twice put in jeopardy for the same offense.''

The protection afforded by section 18, supra, is accorded a person even though the proceeding in which he is to testify is a civil one, as here.

This protection ''applies alike to civil and criminal proceedings, wherever the answer to a question put to a witness might tend to subject him to criminal responsibility. Indeed, the privilege of a witness is not ordinarily dependent upon the nature of the proceeding in which the testimony is sought or is to be used, but can be invoked in any judicial proceeding. The constitutional provision prevents a person when acting as a witness in any investigation from being required to give testimony which might show that he himself had committed a crime. To hold otherwise would be to emasculate the essential principle of the rule, for the commission of nearly every crime carries with it a civil liability. A person suspected of a crime could be proceeded against civilly and compelled to disclose the very facts essential to a conviction, leaving him practically without any privilege whatever.'' 58 Am. Jur., Witnesses, sec. 45, page 50.

Wigmore on Evidence, 3rd Ed., Vol. VIII, sec. 2252, pages 324, 325, has this to say:

''b.   A clause exempting from self-incriminating testimony 'in criminal cases' protects equally in *civil cases,* when the fact asked for is a criminal one.

''c.   The protection, under all clauses, extends to *all manner of proceedings* in which testimony is to be taken, whether litigous or not, and whether 'ex parte' or otherwise. * * *''

Respondents' motion to quash and dismiss relator's petition in this court, because relator did not first apply for relief to the respondent court and judge, would, ordinarily, be granted, because such is the proper procedure to follow. State ex rel. Woodard v. District Court, supra.

However, the record before us shows: The case is exigent; the relator's cause is just; and, as shown by affidavit, the respondent judge ''left Great Falls, September 24, 1954, at 12

o'clock noon and returned to Great Falls, October 4, 1954, at 12:50 p. m.'' Under such circumstances the motion to quash and dismiss is denied. See State ex rel. Odenwald v. District Court, 98 Mont. 1, 38 Pac. (2d) 269; State ex rel. Whiteside v. District Court, 24 Mont. 539, 63 Pac. 395; State ex rel. Larsen v. District Court, 78 Mont. 435, 254 Pac. 414; State ex rel. Crowley v. District Court, 108 Mont. 89, 88 Pac. (2d) 23, 121 A. L. R. 1031.

For the reasons stated the order of the respondent district court and judge directing the perpetuation of Neilson's testimony was in excess of jurisdiction, and such order and the subpoena duces tecum issued thereunder are annulled, set aside, and held to be of no force or effect.

MR. CHIEF JUSTICE ADAIR and MR. JUSTICE BOTTOMLY, concur.

MR. JUSTICE ANGSTMAN: (dissenting).

I do not agree that section 93-2301-6 gives the legal reason for perpetuating testimony. It simply provides when the evidence becomes admissible if and when a trial be had between the expectant parties.

Section 93-2301-2, R. C. M. 1947, sets forth what must be alleged in the petition in order to obtain an order for the perpetuation of testimony. The petition here complied with this statute.

That being so, there was nothing left for the judge to do but to make the order which he did. State ex rel. Holcomb v. District Court, 54 Mont. 574, 172 Pac. 329; State ex rel. Smith v. District Court, 112 Mont. 506, 118 Pac. (2d) 141.

I do not subscribe to the conclusion as stated in the majority opinion that proceedings under the statute may not be taken for the purpose of discovering or ascertaining facts or evidence which may be helpful to a party's cause. Certainly a petitioner who expects to be a party to an action would have no purpose in proceeding under the statute to discover or ascertain facts or evidence which may be harmful to his contemplated law suit. I think the very purpose of the statute is to enable the petitioner to

ascertain and discover facts which would enable him to prepare his complaint the more intelligently and to minimize the element of surprise at the trial.

Were he already in possession of all the facts there would be no need to perpetuate testimony. All that he would then have to do would be to commence his action and then take the deposition of the witnesses under sections 93-1801-2 and 93-1801-3.

The practice of taking depositions before action has become so popular that it has been adopted by Congress as a part of the Federal Rules of Practice in practically the same language as our statute and under the heading, ''Depositions and Discovery.'' See Rules 26 and 27 of the Rules of Civil Procedure for District Courts, 28 U. S. C. A.

Whether the application is made in good faith for the purpose of obtaining, preserving and using material testimony is not before us here. If it were I would say that we, like the judge who granted the order, are concluded by the allegations of the petitioner in the absence of any showing or claim made to the contrary as here.

I agree that Mr. Neilson may not be required to give testimony upon which he could be charged, tried and found guilty of a felony. But that does not nullify the order to perpetuate his testimony. Neilson's remedy is to claim his privilege when questioned. Likewise I think the subpoena duces tecum was proper. It may be too broad since it calls for copies of income tax returns, which are at least semi-confidential, but that does not affect the validity of the subpoena in other respects. Records showing the wealth and pecuniary ability of the expectant defendant are relevant and material when exemplary damages are sought. Johnson v. Horn, 86 Mont. 314, 283 Pac. 427. The wealth and pecuniary ability at the time of the trial are of course the important factors, yet evidence of these facts at the time of the taking of the deposition is relevant and material as some proof of those elements at the time of trial.

I think the order made by the respondent court and judge and

the subpoena duces tecum are proper and that the writ applied for here should be denied.

MR. JUSTICE ANDERSON:

I concur in the foregoing dissenting opinion of Mr. Justice ANGSTMAN.