Dr. Myra PETERS and St. Paul Mercury Indemnity Company, a Corporation, Petitioners,

v.

The Honorable Leslie WEBB and the Honorable Lewis C. Johnson, Judges of the 14th Judicial District of the State of Oklahoma comprised of Tulsa County, Respondents.

No. 37945.

Supreme Court of Oklahoma.

Sept. 17, 1957.

Gordon L. Patten, Rucker, Tabor & Cox, by Robert L. Shepherd, Tulsa, for petitioners.

Melone, Robertson & Melone, by Jerry M. Melone, Rogers & Brightmire, by Paul W. Brightmire, Tulsa, for respondents.

Samuel A. Boorstin, Tulsa, amicus curiae.

BLACKBIRD, Justice.

In this original action, petitioners ask this Court to take original jurisdiction of a controversy that has arisen between them and one Donna Shupert over Cause No. 93825, instituted by the latter against them in the District Court within and for Tulsa County, Oklahoma. Petitioners pray this Court to prohibit the respondent judges from acting further in that case, to set aside certain orders previously entered by them, and to dismiss said action.

The following narrative of facts about the background of this controversy is a necessary preface to discussion of the issues involved. Previous to the filing of said Cause No. 93825, on August 13, 1957, there had been instituted in the same court by the above-named Donna Shupert, as plaintiff, Cause No. 90935, against one of the petitioners herein, Dr. Peters, as defendant. That case is a tort action, not yet tried, wherein Miss Shupert seeks damages against the named doctor on account of alleged malpractice. After filing it, Miss Shupert, or her counsel, obtained information indicating that said defendant doctor had a policy of insurance, which had been issued her by the other petitioner herein, St. Paul Mercury Indemnity Company, indemnifying her against losses by reason of such claims, and/or actions, but she was unable to persuade the doctor, or her attorney, to deliver her the policy, or a copy thereof, or in any other manner furnish desired information concerning the provisions, or details, thereof and the conditions, or limitations of the liability against which the doctor was indemnified. Being unsuccessful in this endeavor, and without advancing to culmination any effort to settle, or obtain trial of, said Cause No. 90935, Miss Shupert thereafter instituted Cause No. 93825, supra, in an effort to compel, not only the doctor, and her said insurer, the petitioners here, to answer questions under oath as to the indemnification provided her by the above-mentioned policy, but also to require a certain insurance agency and a certain bank referred to in her petition in the new action as "witnesses", to answer questions, or give information, bearing upon certain aspects of the defendant Doctor's "judgment responsibility." In said petition, Miss Shupert referred to the pendency of said Cause No. 90935; set forth the names of witnesses which she desired to examine, as well as the questions she desired them to answer; and, in a further effort to place the institution of said action within the authority of the provisions of our Statutes concerning the "Perpetuation Of Evidence", (Tit. 12 O.S.1951 §§ 531 to 537, both incl.) alleged that she expected to be a party to a subsequent district court action to enforce the judgment she expected to obtain against

Dr. Peters in Cause No. 90935, supra. As further authorizing her proceeding under said statutes, and, as rendering "necessary at this time" the "preservation" of such testimony (with the implication that it was for use either in the preparation, or trial, of such anticipated action) Miss Shupert's petition further disclosed that no judgment had yet been rendered in Cause No. 90935, by reason of which fact, she was "prevented from filing such an action at this time"; and she further alleged, in substance that such action might be further delayed indefinitely by a probable appeal from the judgment anticipated in her favor in said Cause No. 90935. Upon presentation, August 15th, of this year, of the above-described petition duly verified by Miss Shupert, Judge Johnson, one of the respondents herein, entered an order the same day, directing a certain representative of an insurance agency and the General Agent for St. Paul Mercury Indemnity Company to appear in said court, at a certain subsequent date, to be examined by the plaintiff in said action and answer the interrogatories set forth in her afore-described petition. The order further directed, generally, or in approximate substance, that both prospective "witnesses" bring with them certain duplicates of any "policies of Medical Mal-Practice indemnity insurance" issued by or through their employers to Dr. Peters, and all data pertaining to the payment of premiums on such policies.

Thereafter, the petitioners herein, as the only named defendants in said Cause No. 93825, challenged the authority, or authorization, for such action (under the laws and court decisions of this jurisdiction) by their motion asking the lower court to both vacate the aforesaid order and to dismiss the "spurious action." In the absence of Judge Johnson (the afore-named respondent herein) said motion was heard and overruled by Judge Webb, who was then the Presiding Judge of said District Court. It is because of the latter circumstance that both of said judges are named as respondents in this special proceeding to confine further action in their court to vacating the afore-described order and dismissing Cause No. 93825, supra.

The broad issue thus presented herein is whether or not such an action, or proceeding, as Cause No. 93825, supra, will lie in this situation. As presented by the respective parties' argument pro and con of the question of whether the authority for such an action rests solely on the basis of our afore-cited "Perpetuation Of Evidence" statutes, the matter, as here considered, is narrowed, or confined, to that issue.

The principal provisions of said statutes are as hereafter delineated. Section 532, supra, provides that the "applicant" (for the perpetuation of the evidence)

"* * * shall file in the office of the clerk of the district court a petition, to be verified, in which shall be set forth, specially, the subject matter relative to which testimony is to be taken, and the names of the persons interested, if known to the applicant; * * * The petition shall also state the names of the witnesses to be examined, and the interrogatories to be propounded to each; that the applicant expects to be a party to an action in a court of this State, in which such testimony will, as he believes, be material, and the obstacles preventing the immediate commencement of the action, where the applicant expects to be plaintiff."

Section 533 provides:

"The court, or a judge thereof, in vacation, may forthwith make an order allowing the examination of such witnesses. The order shall prescribe the time and place of the examination, how long the parties interested shall be notified thereof, and the manner in which they shall be notified."

Section 535 provides:

"Such depositions shall be taken before some one authorized by law to take depositions, or before some one specially authorized by the court or judge and shall be returned to the office

of the clerk of the court in which the petition was filed."

Section 536 provides:

"The court or judge, if satisfied that the depositions have been properly taken, and as herein required, shall approve the same and order them to be filed; and *if a trial be had between the parties named in the petition,* or their privies or successors in interest, *such depositions or certified copies thereof, may be given in evidence by either party, where the witnesses are dead or insane, or where attendance for oral examination cannot be obtained or required; * * *"* (Emphasis ours.)

Although, from the tenor of the allegations of her adroitly drawn petition in Cause No. 93825, supra, it would seem that the sworn statements, or depositions, for whose taking Miss Shupert obtained the court order of August 15th (whose execution is herein sought to be prohibited) were desired for use in a subsequent action she expected to file against Dr. Peter's indemnitor, in the event that in Cause No. 90935, she obtained a judgment against the doctor, it was represented neither in the lower court, nor here, that the information sought might be needed for use in case of the death or insanity of said witnesses before the filing of the anticipated action, as might seem to be contemplated by the emphasized portions of section 536, supra. In this connection, notice State ex rel. Neilson v. District Court of Eighth Judicial Dist., 128 Mont. 445, 277 P.2d 536, 539. Nor do respondents make any categorical denial of the petitioner's charge that the only reason Miss Shupert seeks to have such information perpetuated "at this (particular) time" is because she desires it in an attempted out-of-court settlement, or preparation for the trial, of her pending other action, in which Dr. Peters is the sole defendant. In view of the foregoing, respondents' argument, by inference, that perpetuation statutes may also be used for "discovery", and of their reliance, as sole authority for their interpre-

tation of the foregoing statutes, upon the California case of Superior Insurance Co. v. Superior Court, 37 Cal.2d 749, 235 P.2d 833, and their statement that the issue "boils down" to the question of whether or not this court thinks the opinion in that case properly interprets such statutes, we will assume, as tacitly conceded, that the real reason Miss Shupert wants, "at this time" the information she is attempting to use our "perpetuation" statutes to obtain, is for a use, or need, arising *prior* to the time of the filing of any "expected" action against Dr. Peters' indemnitor.

We do not agree with the respondents' inference that the decision in the Superior Insurance Company case, supra, turned upon, was controlled by, or involved no more than, the interpretation of the California "Perpetuation" statutes. This is plainly demonstrated in Jeppesen v. Swanson, 243 Minn. 547, 68 N.W.2d 649, which discusses, in detail, said California case (as it bears upon the related question here) and also cites, or discusses, most of the leading authorities on the question, including State ex rel. Allen v. Second Judicial District Court, 69 Nev. 196, 245 P.2d 999.

By relying on the California case, respondents tacitly concede that the broad, and principal, question to be determined with reference to the applicability, or inapplicability, to the situation here, of perpetuation statutes like ours, is the same one presented there, which, as stated when that case was before California's District Court of Appeals, Second District (226 P.2d 365, 367) was as follows:

"* * * whether a person who is * * * a party plaintiff in an action for personal injuries, has the right, through proceedings for perpetuation of testimony, to ascertain not only the existence and terms of a policy of insurance indemnifying the defendant, but also the amount thereof, and this *in advance* of the recovery of any judgment by plaintiff against the defendant, and *prior to the institution of*

*any action against the latter.*" (Emphasis ours.)

By the opinion quoted from, said California intermediate appellate court answered the question in the negative, holding, in effect, that the information the plaintiff in the personal injury action desired concerning the defendant's indemnity would not be relevant or material to any issue in the personal injury action. And it seems to be the opinion of other state courts, which have expressed themselves on the matter, that the information sought to be "perpetuated" must be so material. In addition to the Jeppesen case, see State ex rel. Woodard v. District Court, 120 Mont. 585, 189 P.2d 998. And this seems to have been true even of Federal Civil Rule 34, 28 U.S.C.A., before it was broadened by amendment, and of the state rules or statutes patterned after it. See Bean v. Best, S.D., 80 N.W.2d 565, 567; Petition of Ferkauf, D.C., 3 F.R.D. 89, and other cases cited in the Annotation, 41 A.L.R.2d 968. In the Bean case, the court referred to the principle prevailing, before the Federal Rule's amendment, that the discovery thereby permitted could be had only as to data that would constitute admissible evidence, and not to that which might furnish *leads for obtaining* evidence; and said: "The application must contain facts making the necessary showing. A statement of a mere conclusion is not enough." Here, the application filed on behalf of Donna Shupert commencing Cause No. 93825 does not show that the information she sought by the interrogations therein ordered were material to any issue in the pending case; nor do we think, under the proper interpretation of our "Perpetuation Of Evidence" statutes, supra, it showed the necessity of her obtaining and preserving such information, as therein alleged: "* * * at this time." It nowhere demonstrates to our satisfaction such necessity "to prevent a failure of justice" (Guinan v. Readdy, 79 Okl. 111, 191 P. 602, 605, and we think, as the South Dakota Court, in the Bean case, apparently did (with reference to the statute there involved) that if such statutes are to be

extended, or "liberalized" to apply to a situation like the one here present, it should be done by legislative amendment, rather than so-called "judicial construction." See also Petition of Central Vermont Public Service Corp., 115 Vt. 204, 55 A.2d 201. It is neither necessary nor appropriate, to herein speculate as to whether the last opinion in California's Superior Insurance Company case (235 P.2d 833) might be correct in jurisdictions having a statute such as Section 11580 of that State's Insurance Code, governing bonds and insurance policies in such a way as might conceivably be deemed to create "a contractual relationship" between the injured person in a personal injury action and the defendant's insurer. In addition to the Superior Insurance case, see Malmgren v. Southwestern Automobile Ins. Co., 201 Cal. 29, 255 P. 512. No statute has come to our attention prescribing compulsory insurance or indemnification of doctors against claims for damages arising out of alleged malpractice (as is required for the owners and/or operators of motor vehicles in many states like California) ; and, in the absence of the operation of such a law, it has not been demonstrated herein that Dr. Peter's indemnitor could be made a party defendant, as directly and jointly liable with her to Miss Shupert, the plaintiff in Cause No. 90935. In this connection, see the third paragraph of the syllabus in Subscribers at Casualty Reciprocal Exchange v. Sims, Okl., 293 P.2d 578, 579; Beverly v. Elam, 196 Okl. 15, 162 P.2d 180; Jacobsen v. Howard, 164 Okl. 88, 23 P.2d 185; 20 A.L.R.2d 1097, 1100 et seq.; 29 Am.Jur., "Insurance", sec. 1085, and 5A Am.Jur., "Automobile Insurance", sec. 191.

In accord with the foregoing, and for the reasons hereinbefore indicated, we hold inapplicable, and refuse to follow, the California case of Superior Insurance Company v. Superior Court, supra. We also hold that Miss Shupert, plaintiff in Cause No. 93825, supra, showed no legal ground authorizing the district court to enter its order of August 15th. The motion to vacate there filed by the petitioners herein should have

been sustained. Accordingly, the said court and the respondent judges thereof, are hereby directed to vacate said order, sustain said motion, and dismiss the action as prayed for therein.

WELCH, C. J., CORN, V. C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON and CARLILE, JJ., concur.